1
2
3
4
5

Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant FOUR SISTERS INNS, INC.

6
7

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETER STROJNIK,

                        Plaintiff,

        vs.

FOUR SISTERS INNS, INC DBA CHANNEL ROAD INN

                        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 19-cv-02991-0DW-JEM

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**

Date:  June 24, 2019
Courtroom: 5D
Time: 1:30 p.m.

Hon. Otis D. Wright II

Complaint filed: April 18, 2019

### INTRODUCTION

Mr. Strojnik, who has a documented history of bad faith ADA filings as documented by the Arizona State Bar, either misunderstands or misses entirely Defendant's arguments regarding his lack of standing to bring a claim pursuant to the Americans with Disabilities Act ("ADA") or the California Unruh Act.

First, he does not explain how visiting a website, without more, caused him any injury in fact. He does not claim, for example, that he called the hotel, visited the hotel or how, other than visiting the hotel's website, he experienced *any barriers* to his staying at the hotel. Moreover, more specific allegations than his vague allegations of an "intent to return" to the hotel have been deemed insufficient to establish standing pursuant to the ADA. Additionally, Strojnik fails to tie any alleged disability to any alleged barriers on the hotel's website. He does not, for example, claim that he required something specific and therefore, because of his disability, was unable to reserve a room at the hotel. For example, a person who is deaf my require a TTY at a hotel, but if a person only requires wheelchair access, the lack of a TTY is unrelated to any barrier that the wheelchair-bound person would experience, even if the lack of a TTY machine is a violation of the ADA.

Second, it is undisputed that the Unruh Act imposes a higher standing requirement than the ADA. In California, the law is clear, and seems undisputed by Strojnik: there is no extraterritorial application of the Unruh Act. Strojnik's argument that he "travels to California often" is irrelevant to the fact that accessing a website from Arizona does not give him the right to sue under the Unruh Act in *California.* Moreover, unlike the more liberal standing requirements of the ADA, the Unruh Act requires that a person actually use or at least attempt to use the goods and services of the defendant. Here, Strojnik freely admits that after reviewing the website in Arizona, he did nothing else. Strojnik lacks standing under the ADA.

Finally, Strojnik's complaint repeatedly alleges that the Defendant's conduct was intentional and willful. Even assuming that the Unruh Act could serve as a basis for a negligence claim, intentional conduct is the antithesis of negligence, and Strojnik cannot

1  identify any specific duty that the hotel had to *him* personally.  Accordingly, this Court
2  should dismiss the Complaint in its entirety.

**I.**

**STROJNIK HAS NOT ESTABLISHED STANDING UNDER THE ADA**

5  A plaintiff must show (1) he has suffered an "injury in fact," (2) a causal connection
6  between the injury complained of and the challenged action, and (3) that the injury can be
7  redressed by a favorable decision. See *Friends of the Earth, Inc. v. Laidlaw Environmental*
8  *Servs., Inc.*, 528 U.S. 167, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000) (citing *Lujan v.*
9  *Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

10  The "injury in fact" must be concrete and particularized and actual or imminent,
11  rather than conjectural or hypothetical. *Lujan*, 504 U.S. at 560. "Although imminence is
12  concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is
13  to ensure that the alleged injury is not too speculative for Article III purposes-that the injury
14  is certainly *impending*." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138,
15  185 L. Ed. 2d 264 (2013). The Supreme Court has repeatedly reiterated that allegations of
16  possible future injury are insufficient to confer standing. *Id.* (citations omitted). Likewise,
17  "a bare procedural violation, divorced from any concrete harm," does not satisfy the
18  injury-in-fact requirement of Article III. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194
19  L. Ed. 2d 635 (2016).  *See also, Carroll v. Roanoke Valley Cmty. Credit Union*, No.
20  7:17cv00469, 2018 U.S. Dist. LEXIS 98284, at *5-6 (W.D. Va. June 11, 2018)(website
21  "deterrence" insufficient).

22  With these principles in mind, Strojnik has neither adequately alleged a concrete,
23  particularized injury in fact or a causal connection between his alleged "injury," and the
24  alleged website information.

25  A.    Strojnik Has Inadequately Pled An Injury In Fact.

26  Strojnik devotes significant space in his Opposition to his argument that he is not
27  blind and therefore whether or not reader software works on Defendant's website is
28  irrelevant.  Defendant agrees.  Strojnik is not blind.  However, the point of Defendant's

argument is not that Strojnik is blind but rather, that Strojnik merely alleges that when he went to reserve an ADA-accessible room, he reviewed *pictures* on the website. Complaint, ¶ 21. He does not allege that he was *unable* to reserve such a room. *Id.* "To survive a motion to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location." *Gomez v. Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457, *12-13 (S.D. Fla. Feb. 2, 2017)(website did not impede use of physical facilities).

*Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213, 1218-19 (D. Ariz. 2016) rejected Strojnik's exact theory:

> Under this theory, a disabled person in Arizona could learn of an architectural barrier at a facility in Tennessee which the person has never visited and never plans to visit, and yet would suffer an injury-in-fact by the mere knowledge. Such an injury, if it could be called an injury at all, would not be concrete, particularized, actual, or imminent. And even if the person firmly resolved that he would never visit the Tennessee facility because of the barrier, any future injury from the barrier would be purely hypothetical.

Because Strojnik does not explain how the lack of information concerning ADA accessible rooms on a website affected *his* actual ability to patronize the hotel, he has failed to allege an injury in fact or to tie that lack of information to his alleged disability. As another court has observed, "*Pickern* 'did not hold that an ADA plaintiff has standing if she is deterred from visiting a noncompliant place of accommodation even if she has never visited the accommodation.'" *Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213, 1220 (D. Ariz. 2016).

B.    Even Assuming Website Noncompliance, That Is Insufficient.

The gist of Strojnik's claim is that the defendant's hotel website did not provide him with the information necessary to determine whether to stay at the Defendant's hotel. However, he fails to allege that he did anything other than visit the website. "The DOJ has stated that 'covered entities with inaccessible Web sites may comply with the ADA's requirement for access by providing an accessible alternative, such as a staffed telephone line, for individuals to access the information, goods, and services of their Web site.' Nondiscrimination on the Basis of Disability, 75 Fed. Reg. at 43466. This alone would suggest that the Website does indeed comply with the mandates of the ADA. *Gorecki v.*

*Dave & Buster's, Inc.*, 2017 U.S. Dist. LEXIS 187208, at *14 (C.D. Cal. Oct. 10, 2017). Thus, merely accessing a website is insufficient to establish that Strojnik experienced any actual *barriers* to his using the goods and services of the hotel, as he simply could have called the hotel and asked for such information.  He thus has not pled an injury in fact that is anything other than conjecture – (1) that he would have actually rented a hotel room, which is belied by his failure to do anything other than to visit the Defendant's hotel website, and (2) that he actually experienced any injury from solely reviewing an allegedly non-compliant website.  Thus, his ADA claim is insufficient.

C.    <u>Nowhere Does Strojnik Allege How A Website Caused Actual Injury To Him As It Is Not a "place of Public Accomodation.</u>

In order to state a discrimination claim under Title III, a plaintiff must show among other things, that "the plaintiff was denied a public accommodation by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). Strojnik merely alleges that the Defendant's hotel website fails to provide him with adequate information concerning rooms.  He neither claims that he attempted to reserve a room or was in any way prevented from renting a room. Title III of the ADA prohibits discrimination in "public accommodations."

The Ninth Circuit has applied the "narrow definition of 'place of public accommodation,'" holding that a "place of public accommodation" under the ADA is limited to "an actual physical place." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012) quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).  Thus, it is insufficient – and a point that Strojnik does not even address in his Opposition – that a website be noncompliant with the ADA.  Strojnik must show that he was actually denied accommodations at the hotel itself.  *See Access Now, Inc. v. SW. Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) (granting defendant's motion to dismiss because plaintiff failed to establish a nexus between southwest.com and any restriction on the full enjoyment of a physical, concrete place of public accommodation).

D.    <u>Strojnik's Vague Allegation Of A Generic Intent To Return Is Insufficient To Show</u>

<u>That Any Injury Is "Imminent."</u>

Strojnik does not address Defendant's argument that his allegations of future harm are inadequate.  In order for an ADA plaintiff to allege an injury that is "imminent," he must express more than a "vague desire to return" to the accommodation's location. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009). Absent a "firm intention to visit" the location, the plaintiff has not alleged facts "to satisfy the requirement of imminent injury[.]" *Id.*  In other words, "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that [Supreme Court] cases require." *Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at pp. 7-8 (S.D. Cal. May 5, 2016) citing *Lujan*, 504 U.S. at 564 (emphasis in original). "General statements regarding Plaintiff's intent to travel to an area . . . are insufficient to allege an 'actual and imminent' injury." *Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at *7-8 (S.D. Cal. May 5, 2016) citing *Summers*, 555 U.S. at 493.

Accordingly, Strojnik's complaint fails to establish standing pursuant to the ADA.

## II.

## <u>STANDING IS SEPARATELY LACKING UNDER THE UNRUH ACT</u>

Standing to pursue monetary relief under the Unruh Act is different from standing to seek injunctive relief under federal or state law. *See Reycraft v. Lee*, 177 Cal. App. 4th 1211; *Midpeninsula Citizens for Fair Hous. v. Westwood Inv'rs*, 221 Cal. App. 3d 1377, 1385-86 (1990). The Unruh Act restricts damages recovery to situations where "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 677-78, 94 Cal. Rptr. 3d 685, 697-98, 208 P.3d 623, 633 (2009); Cal. Civ. Code § 55.56. Unlike the ADA, these statutes require "something more than mere awareness of or a reasonable belief about the existence of a discriminatory condition." *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014).

1  A.    The Mere Presence Of A Statutory Violation Does Not Confer Standing Under The

2        Unruh Act.

3        Plaintiff's attempt to equate a denial of equal access with the presence of a violation

4  of federal or state regulations would nullify the standing requirements of the Unruh Act,

5  since any disabled person could sue for statutory damages whenever he or she encountered

6  noncompliant facilities, regardless of whether that lack of compliance actually impaired the

7  plaintiff's access to those facilities. *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal.

8  App. 4th 254, 265-66 (2007).  Yet that is all Strojnik does here – Defendant's website

9  allegedly is not compliant with the ADA, and therefore Strojnik has standing.  Thus, that is

10  insufficient.

11  B.    There Is No Extraterritorial Application Of the Unruh Act.

12        Mr. Strojnik here attempts to conflate the fact that generically and vaguely travels to

13  California "often," means that the California courts have jurisdiction over him.  Strojnik

14  confuses personal jurisdiction with whether a resident of Arizona, allegedly injured in

15  Arizona, can sue under a California statute applicable only to California residents.  Clearly

16  this Court has personal jurisdiction over Mr. Strojnik – he voluntarily filed the Complaint

17  in this jurisdiction.  However, regardless of whether he has personally submitted to the

18  jurisdiction of this Court, the *injury* allegedly occurred in Arizona where he accessed the

19  Defendant's website, purportedly to reserve a room (which he did not do, in any event).

20  The case law on this issue is clear – the Unruh Act does not apply to injuries sustained

21  outside the state of California.  *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D.

22  Cal. 2015)(Unruh Act has "limited geographic scope" and does not apply to alleged

23  discrimination suffered by parties outside California); *Tat Tohumculuk, A.S. v. HJ Heinz*

24  *Company,* 2013 U.S. Dist. LEXIS 162592 (E.D.Cal. November 13, 2013)("Plaintiff has not

25  presented any case law, nor is the court aware of any, applying section 51 to alleged

26  discrimination suffered by parties outside California. The Unruh Act, therefore, does not

27  apply."); *Moore v. Greyhound Bus Lines, Inc.*, 2018 U.S. Dist. LEXIS 114661, at 4 (S.D.

28  Cal. July 10, 2018)("jurisdiction of the [Unruh] Act is expressly limited to violations taking

1  place in California, therefore, the 'Act does not apply to this action because the alleged
2  discrimination occurred outside of California (in Denver, Colorado) and it is therefore
3  outside of the extraterritorial reach of the statute.'").

4  C.    The Unruh Act Requires That Strojnik Actually Present Himself At The Hotel.

5        Unlike the ADA, the Unruh Act requires that to have standing, a disabled plaintiff
6  must show he or he actually presented himself or herself to a business or public place with
7  the intent of purchasing its products or utilizing its services in the manner in which those
8  products and/or services are typically offered to the public and was actually denied equal
9  access on a particular occasion.  *Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1224 (2009).
10 However, Strojnik alleges that he never went to the hotel nor tried to reserve a room and
11 therefore could not have been denied access on a particular occasion.

12       Strojnik has failed to distinguish the controlling case law on website access, *Surrey*
13 *v. TrueBeginnings, LLC* (2008) 168 Cal. App. 4th 414, 419.  *Surrey* is directly on point and
14 dispositive.  Suing after only reviewing an allegedly discriminatory website,  "Because he
15 did not attempt to or actually subscribe to TrueBeginnings's services, Surrey did not suffer
16 discrimination in any sense other than 'in the abstract. Thus, . . . he lacks standing to seek
17 relief (whether damages or injunctive relief) for violations of the [Unruh] Act and the
18 Gender Tax Repeal Act."  *Id.* at 420.  Similarly, because Strojnik merely reviewed
19 Defendant's website – just as Surrey did, and did nothing else to attempt to book a hotel
20 room, he lacks standing under the Unruh Act.  *See also, Abu Maisa, Inc. v. Google, Inc.,*
21 2016 U.S. Dist. LEXIS 170874, at *7 (N.D. Cal. Dec. 8, 2016)(plaintiff "merely alleges that
22 it "visited" Defendants' websites "on a daily basis on and after December 31, 2015, and has
23 thereby . . . been deterred from attempting to become a customer," did not have statutory
24 standing to sue Defendants under the Unruh Act").

25       Accordingly, Strojnik's claims under the Unruh Act should be dismissed with
26 prejudice, independently of his ADA claim.

27

28

# III.

## STTOJNIK CANNOT STATE A NEGLIGENCE CLAIM

Strojnik argues that the violation of the ADA is therefore negligence *per se*. However, that exact argument has been rejected. "[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. …'" *Id.* citing *California Service Station etc. Assn. v. American Home Assurance Co.* 62 Cal.App.4th 1166, 1178 (1998).   Under either the ADA or the Unruh Act, there are no accessibility guidelines that if not met are per se unreasonable or that constitutes a per se barrier under the ADA Guidelines. *Guerra v. W. L.A. Coll.*, 2018 U.S. Dist. LEXIS 141029, at *19-20 (C.D. Cal. Aug. 20, 2018).  The ADA does not fall under the class of statutes that serve as a predicate for negligence per se. *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *18-19 (D. Nev. Feb. 28, 2007)(applying Nevada law); *Scarborough v. Brown Group, Inc.*, 935 F. Supp. 954, 964 (W.D. Tenn. 1995)(finding that Title VII is not the type of law encompassed under negligence per se because such claims may be supported only by statutes and regulations relating to public safety, such as health regulations and rules of the road.); *Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 267 (2007) (although undisputed that the disabled accessible parking space did not satisfy applicable slope regulations, "[n]ot every infraction of a statute will result in civil liability.").

Aside from the fact that a violation of either the ADA or the Unruh Act cannot support a negligence claim, it is clear (and Strojnik does not dispute) that he has repeatedly alleged in his Complaint that Defendant's alleged violation of the Unruh Act and the ADA were "knowing and intentional." Complaint, ¶¶ 55, 57. Intentional conduct cannot support a claim of negligence.  *United States ex rel. Knapp v. Calibre Sys*., 2011 U.S. Dist. LEXIS 119589, at *14 (C.D. Cal. Oct. 17, 2011); *Monaghan v. El Dorado Cnty. Water Agency*, 2012 U.S. Dist. LEXIS 14900, at *26 (E.D. Cal. Feb. 6, 2012).

## IV.

## STROJNIK CANNOT STATE BOTH A CLAIM UNDER THE UNRUH ACT AND THE DISABLED PERSONS PORTION OF THE UNRUH ACT

Defendant does not dispute that a plaintiff can in general plead alternative relief. However, as set forth in Defendant's Motion, the Disabled Persons Act is the narrower and therefore controlling statute over the broader and general Unruh Act. Thus, it is not that Strojnik is pleading inconsistent, alternative causes of action – he is pleading the identical cause of action based on the identical facts to support both an Uruh Act claim and a Disabled Persons Act claim. Since the narrower statute controls, his claim under the Unruh Act should be separately dismissed.

## CONCLUSION

For the foregoing reasons, defendant Four Sisters Inn, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

<div style="margin-left:40%">

Respectfully Submitted,

STILLMAN & ASSOCIATES

</div>

Dated: June 10, 2019           By:_____
                                    Philip H. Stillman, Esq.
                                    Attorneys for defendant FOUR SISTERS INN, INC.

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on June 10, 2019 or as soon as possible thereafter, copies of the foregoing Motion to Dismiss and Memorandum of Points and Authorities was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email listed for Plaintiff.

By: /s/ *Philip H. Stillman*

Attorneys for FOUR SISTERS INN, INC.