Peter Strojnik,
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: (602) 524-6602
ps@strojnik.com
*pro se*

Filed
May 28, 2019
SU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>Plaintiff,<br><br>vs.<br><br>Four Sisters Inns, Inc dba Channel Road Inn<br><br>Defendant. | Case No: 2:19-cv-02991-ODW-JEM<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: June 24, 2019<br>Courtroom: 5D<br>Time: 1:30 p.m.<br>Hon. Otis D. Wright II<br>Complaint filed: April 18, 2019 |

## INTRODUCTION

Plaintiff Peter Strojnik is an immigrant, a veteran[1] and a disabled person as defined by the ADA and Unruh[2]. Defendant owns an ADA, Unruh and DPA non-compliant lodging facility ("Hotel") in San Francisco, California which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh. Strojnik is an ADA tester attempting to advance the time when public accommodations comply with the ADAAG.

---

[1] DMZ '72-'74

[2] Plaintiff will not address Defendant's scandalous and impertinent, but litigating privileged, disparagement. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal.2005) (allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone)

Defendant mounts a facial attack against the Complaint. In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, the court is required to accept as true all factual allegations set forth in the complaint, to the extent that all such allegations are not contradicted by the documents incorporated by reference. *See id.*

As more fully addressed below, Defendant's passionate arguments facially conflict with the allegations in the Complaint and, indeed, with the current state of Federal and State law in the following respects:

1. In its first argument, Plaintiff discusses "website accessibility". But Plaintiff does not assert that the booking websites are inaccessible. Plaintiff is not visually impaired. To the contrary, the booking websites *were* accessible to Plaintiff and therein lie the violations of 28CFR36.302(e) ("302(e)) under both ADA and Unruh. *See, e.g.* Doc. 1, Addendum A, where the 302(e) violations are described as follows:

> **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

Defendant does not address or even cite to 28CFR36.302(e). Notably, however, even *if* Plaintiff were visually impaired, Defendant's entire analysis runs contrary to *National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2nd 946 (N.D. Cal., 2006) which holds that a website is a public accommodation if it impedes access to a public accommodation[3].

---

[3] For this reason, Plaintiff will only briefly address the many incorrect conclusions with respect to "website accessibility" and at least one made up case, to wit: *Strojnik v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016), but Plaintiff has no memory of being any part of the cited case or, for that matter, having filed any ADA cases in E. D. Cal. in 2016. Strojnik does not recall filing that case or any other case in E.D. Cal. in 2016.

Defendant mounts a facial attack against the Complaint. In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, the court is required to accept as true all factual allegations set forth in the complaint, to the extent that all such allegations are not contradicted by the documents incorporated by reference. *See id.*

As more fully addressed below, Defendant's passionate arguments facially conflict with the allegations in the Complaint and, indeed, with the current state of Federal and State law in the following respects:

1. In its first argument, Plaintiff discusses "website accessibility". But Plaintiff does not assert that the booking websites are inaccessible. Plaintiff is not visually impaired. To the contrary, the booking websites *were* accessible to Plaintiff and therein lie the violations of 28CFR36.302(e) ("302(e)") under both ADA and Unruh. *See, e.g.* Doc. 1, Addendum A, where the 302(e) violations are described as follows:

> **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

Defendant does not address or even cite to 28CFR36.302(e). Notably, however, even *if* Plaintiff were visually impaired, Defendant's entire analysis runs contrary to *National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2nd 946 (N.D. Cal., 2006) which holds that a website is a public accommodation if it impedes access to a public accommodation[3].

---

[3] For this reason, Plaintiff will only briefly address the many incorrect conclusions with respect to "website accessibility" and at least one made up case, to wit: *Strojnik v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016), but Plaintiff has no memory of being any part of the cited case or, for that matter, having filed any ADA cases in E. D. Cal. in 2016. Strojnik does not recall filing that case or any other case in E.D. Cal. in 2016.

2. Defendant then argues that "Strojnik has never visited the hotel and therefore did not actually experience any alleged (architectural) 'barriers'". *See* M2D at 2:12-13. In making this argument, Defendant fails to acknowledge the *CREEC* decision, infra, which held that an ADA tester has standing if he has actual knowledge of architectural barriers from whatever source. In fact, Defendant does not even cite to *CREEC*.

3. Defendant next argues that Unruh and DPA do not provide a remedy to "persons outside California". Here, Defendant blurs the distinction between "residency" and "territorial jurisdiction". While Plaintiff is a resident of Arizona, he often and regularly visits California, subjecting himself to California's "territorial jurisdiction" on a regular basis, as he did in this case. *See also* different standing requirements under Unruh and DPA discussed below.

4. Defendant then argues that that Plaintiff has to choose a remedy between Unruh and DPA. "However, Rule 8(d) of the Federal Rules of Civil Procedure expressly permits a plaintiff to plead claims in the alternative." *Longest v. Green Tree Servicing LLC*, 74 F.Supp. 3d 1289, 1302 (C.D. Cal. 2015)[4].

5. Defendant follows with the argument that Plaintiff does not have standing to assert the ADA claim. But *see* Complaint at ¶¶6-12, 14-27, 29-40 and 42-46.

6. Lastly, Defendant posits that Plaintiff's negligence claim should be dismissed for failure to state a claim or for lack of supplemental jurisdiction. The failure to state a claim argument is disposed by *David v. Hernandez*, 226 Cal. App. 4th 578, 584 (2014) and *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 336 (1991). The supplemental jurisdiction argument is defective because the jurisdictional arguments are faulty.

Defendant's Motion is not well taken and must be denied.

**MEMORANDUM**
**I.     THIS IS NOT WEBSITE ACCESSIBILITY CASE**

---

[4] This issue is so fundamental that is not addressed further in the Memorandum.

The entire discussion regarding "website accessibility" is misguided as fully documented in the M2D at 5:1-9:

> **Plaintiff's grievance seems to be that Defendant's website does not provide a blind person with the same online-shopping experience as non-disabled persons....**
>
> ***
>
> *Gomez (v. Bang & Olufsen)* 2017 U.S. Dist. LEXIS 155457, *6-9 (S.D. Fla. Feb. 2, 2017) (bold face emphasis added by Plaintiff).

Plaintiff does not allege that he is blind. Plaintiff claims that Defendant violated 302(e)(1) which provides in relevant part:

> **§36.302 Modifications in policies, practices, or procedures.**
>
> (e)(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs[5].

302(e) is a Catch-22 by design and foresight: When a public accommodation makes a representation of accessibility in order to comply with 302(e), it must do so accurately and truthfully *lest* it exposes itself to a claim for misrepresentation. In order to avoid double jeopardy, a few lodging websites simply state that the hotel is not completely ADA compliant thus exposing itself to a claim by admission. *See, e.g.* Cal. Civ. Code §§ 1709-1711, Cal. Civ. Code § 1710(3), Cal. Bus. & Prof. Code §§ 17500, *et seq.*) and Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

**II.   STROJNIK HAS STATUTORY UNRUH AND DPA STANDING**

---

[5]

In California, "[t]wo overlapping laws, the Unruh Civil Rights Act (§ 51) and the Disabled Persons Act (§§ 54-55.3), are the principal sources of state disability access protection." (*Jankey v. Lee* (2012) 55 Cal.4th 1038, 1044 [150 Cal.Rptr.3d 191, 290 P.3d 187] (*Jankey*).) "The Unruh Civil Rights Act broadly outlaws arbitrary discrimination in public accommodations and includes disability as one among many prohibited bases. (§ 51, subd. (b).) As part of the 1992 reformation of state disability law, the Legislature amended the Unruh Civil Rights Act to incorporate by reference the ADA [the Americans with Disabilities Act of 1990], making violations of the ADA per se violations of the Unruh Civil Rights Act. (§ 51, subd. (f); *Munson v. Del Taco, Inc.*, *supra*, 46 Cal.4th at pp. 668-669.) This amendment was intended to extend to disabled individuals aggrieved by an ADA violation the full panoply of Unruh Civil Rights Act remedies. (*Munson*, at p. 673.) These include injunctive relief, actual damages (and in some cases as much as treble damages), and a *minimum* statutory award of $4,000 per violation. (§ 52, subds. (a), (c)(3); *Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1058, [123 Cal.Rptr.3d 395].)" (*Jankey*, *supra*, 55 Cal.4th at p. 1044.) "The Act is to be given a liberal construction with a view to effectuating its purposes." (*Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 28 [219 Cal.Rptr. 133, 707 P.2d 195] (*Koire*).)

Standing under the Unruh Civil Rights Act is broad. When "any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section... any person aggrieved by the conduct may bring a civil action...." (§ 52, subd. (c).) As the Supreme Court stated, "[A]n individual plaintiff has standing under the Act if he or she has been the victim of the defendant's discriminatory act." (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 175 [59 Cal.Rptr.3d 142, 158 P.3d 718] (*Angelucci*).) "The prerequisites for standing to assert statutorily-based causes of action are to be determined from the statutory language, as well as the underlying legislative intent and the purpose of the statute." *Surrey v. True Beginnings* (2008) 168 Cal.App.4th 414, 417-18 [85 Cal.Rptr.3d 443] (*Surrey*) "The focus of the standing inquiry is on the plaintiff, not on the issues he or she seeks to have determined;

he or she must have a special interest that is greater than the interest of the public at large and that is concrete and actual rather than conjectural or hypothetical." (*Id.* at p. 417.)

**1. Jurisdiction under Unruh**

As indicated in *Surrey*, Unruh standing is determined from the statute. Civ. Code §51(b) provides:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

The remedies statute, §52(a) provides:

> (a) **Whoever** denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, **suffered by any person** denied the rights provided in Section 51, 51.5, or 51.6. (emphasis supplied)

At first glance it appears that §51(b) states the general policy relating to the rights of all persons within the jurisdiction of California while §52(b) describes the remedy. The remedy is available to *any person*. Clearly, the "whoever" refers to Defendant while "any person" refers to Plaintiff.

There is, indubitably, a great deal of confusion relating to Unruh standing and website violations. The 9th Circuit Court of Appeals recently recognized this in its Order Certifying Questions to the California Supreme Court in *White v. Square, Inc.* dated June 7, 2018, case no 16-17137[6].

---

[6] In *White*, the following question was certified to the California Supreme Court:

> Does a plaintiff suffer discriminatory conduct, and thus have statutory standing to bring a claim under the Unruh Act, when the plaintiff visits a business's website with the intent of using its services, encounters terms and conditions that deny the plaintiff full and equal access to its services, and then

The *White* case did not, however, arise I the context of *booking* websites. The question of *booking* website, 28CFR36.302(e), has been specifically adopted by the California Legislature. As stated in Unruh §51(f):

> A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

Thus, a violation of 28CFR§36.302(e) is also a violation of Unruh.

While the distinction between the statement of policy (§51(b)) and the remedy provided to "any person" (§52(a)) appears dispositive, this does not respond to Defendant's inapposite argument that Plaintiff is not a person "within the jurisdiction" of the State of California. In fact, Plaintiff travels to California quite often and stays in California hotels frequently, thus constantly exposing himself to the territorial jurisdiction of California. At the very minimum, he was within the jurisdiction of California at the time of discrimination and will continue to be subject to it at the time of trial. *See* Declaration of Peter Strojnik attached hereto as Exhibit 1.

**2. Jurisdiction under DPA**

The DPA does not have a statement of policy similar to §51(b). It makes no mention of "persons within the jurisdiction of this state". DPA's statement of policy simply states in § 54(a) and (c):

> (a)    Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.
>
> ***
>
> (c) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section.

---

departs without entering into an agreement with the service provider? Alternatively, does the plaintiff have to engage in some further interaction with the business and its website before the plaintiff will be deemed to have been denied full and equal treatment by the business?

Therefore, the territorial jurisdiction is completely irrelevant under DPA.

## III. STROJNIK CAN ALLEGE VIOLATIONS OF UNRUH AND DPA IN THE ALTERNATIVE.

*See* FRCP 8(a)(3) and (d)(2).

## IV. STROJNIK HAS ADA STANDING

Defendant challenges the sufficiency of "imminent injury" and "injury in fact" allegations[7]. Plaintiff alleges at Doc 1, ¶12:

> Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

In the ADA context, the Ninth Circuit finds an "injury in fact" sufficient to support standing where a barrier deters a disabled person from "returning" to a place of business. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002). This is known as the "deterrent effect doctrine." Id. A plaintiff may have standing under the deterrent effect doctrine if a plaintiff encountered barriers related to his disability and

---

[7] Courts are to take a "broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)). However, at an irreducible constitutional minimum, any plaintiff must show three elements to establish standing. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 956 (9th Cir. 2011).
**First**, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); see also *Spokeo v. Robins*, 136 S. Ct. 1540, 1548–49 (2016), as revised (May 24, 2016). In Spokeo, the Supreme Court made clear that "concrete" is not "necessarily synonymous with 'tangible'" and indicated a "risk of real harm" could satisfy the concreteness requirement. Id. at 1549.
**Second**, there must be a causal connection between the injury and the conduct of which a plaintiff complains. *Lujan*, 504 U.S. at 560. The injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Id.
**Third**, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Id.

8

is thereby deterred from returning. *Chapman*, 631 F.3d at 939; *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1031 (9th Cir. 2008); *Doran*, 524 F.3d at 1034.

In *Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("CREEC") the Court strongly affirmed its prior decision in *Pickern*. In *CREEC* the class action Plaintiffs contended that they were "presently deterred from visiting [defendant's] hotels." The plaintiffs' complaint in *CREEC* stated that "they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA." Id. On the basis of this allegation, the court concluded that "[plaintiffs'] harm is 'concrete and particularized,' and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm 'actual or imminent, not conjectural or hypothetical.'" Id.

Further, the defendant in CREEC, as Defendant here, contended that plaintiffs (1) did not actually visit the hotels they just telephoned the hotel to inquire about transportation services available to disabled guests; (2) they do not intend to do so unless and until the alleged ADA violations are remedied; and (3) plaintiffs are motivated to visit the hotels only by their desire to test them for ADA compliance. Id. The court rejected all of defendant's arguments. First, the court held that "the purported requirement urged by [defendant] of a 'personal encounter' with an access barrier lacks foundation in Article III" and "actually visiting a hotel, as opposing to phoning, does not make a plaintiff's injury any more concrete." Id. The court further held that "**[i]t is the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge, that is determinative.**" Id. (Emphasis added).

Moreover, the court held that the named plaintiffs need not intend to visit the hotels until after remediation. The court rejected defendant's argument that plaintiff must establish a sufficient likelihood that they will again be wronged in a similar way because the injury continues so long as the equivalent access is denied. Id. at 1100-01. While relying on Tenth Circuit case law, the court held that the motivation to visit is irrelevant to the question of standing under Title III of the ADA and that, as ADA testers, their status does not deprive plaintiffs of standing. Id. at 1102.

9

## V. STROJNIK'S NEGLIGENCE PER SE CLAIM IS ADEQUATELY STATED

Traditionally, "to state a cause of action for negligence, a plaintiff must allege (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). "Under the doctrine of negligence per se, the plaintiff 'borrows' statutes to prove duty of care and standard of care." *David v. Hernandez*, 226 Cal. App. 4th 578, 584 (2014) (internal citation omitted). "The doctrine of negligence per se is based on 'the rule that a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm that the plaintiff suffered as a result of the violation.'" *Id*. Thus, to establish negligence per se, a plaintiff must show that (1) defendant violated a statute, ordinance or regulation of a public entity, (2) the violation proximately caused his injury, (3) the injury resulted from an occurrence of the nature which the statute was designed to prevent; (4) he was one of the class of persons for whose protection the statute was adopted. *Sierra-Bay Fed. Land Bank Assn. v. Superior Court*, 227 Cal. App. 3d 318, 336 (1991).

Here, Plaintiff alleges that (1) Defendant violated ADA, Unruh and DPA *see* Counts 1, 2 and 3 and ¶¶48, 49 (2) the violation proximately caused his injury ¶¶25, 27, (3) the injury resulted from discriminatory conduct which ADA, Unruh and DPA are designed to prevent, (4) Plaintiff is one of the class of persons for whose benefit ADA, Unruh and DPA were adopted.

### CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons Plaintiff respectfully requests that Defendant's Motion be denied in its entirety. To the extent that the allegations in the complaint inadvertently omit sufficient jurisdictional allegations, Plaintiff requests leave to amend.

DATED this 17th day of May 2019.

PETER STROJNIK

Plaintiff

10

Mailed to the District Court and e-mailed to counsel for defendant this 17th day of May, 2019.

# EXHIBIT 1

## Declaration of Peter Strojnik

Peter Strojnik declares under the penalty of perjury:

1. He is the Plaintiff in the above captioned action.

2. His current residency is in Phenix, Arizona.

3. Over the last 40 years or so Plaintiff has regularly submitted himself to the territorial jurisdiction of the State of California by traveling there for business and pleasure. He has been subject to California's exercise of territorial jurisdiction by paying sales taxes, lodging taxes and all various other types of taxes. He has also been subjected to the territorial jurisdiction by being subjected to at least three traffic tickets there.

4. For the purposes of the Response to Defendant's Motion to Dismiss, Plaintiff declares that during the past year he has visited the State of California at least 23 times and thus submitted himself to the territorial jurisdiction of the State.

5. Plaintiff is currently subject to the jurisdiction of the State of California for any acts or omissions during his stays there.

6. Defendant's violation of Unruh as alleged in the Complaint occurred and continue to occur during a time when Plaintiff was subject to California jurisdiction.

DATED this 17th day of May 2019.

**PETER STROJNIK**

Plaintiff