Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant FOUR SISTERS INNS, INC.

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>                    Plaintiff,<br>vs.<br><br>FOUR SISTERS INNS, INC DBA CHANNEL ROAD INN<br><br>                    Defendant. | Case No. 19-cv-02991-0DW-JEM<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT<br><br>Date:  June 24, 2019<br>Courtroom: 5D<br>Time: 1:30 p.m.<br><br>Hon. Otis D. Wright II<br><br>Complaint filed: April 18, 2019 |

**PLEASE TAKE NOTICE** that defendant Four Sisters Inn, Inc. requests that this Court take judicial notice of the District Court's Order granting Defendant's Motion to Dismiss in *Strojnik v. Orangewood, LLC*, Case No. 19-00946-DSF-(JCx) (C.D.Cal. August 8, 2019) on the same grounds argued in Defendant's Motion to Dismiss filed in this case and taken under submission by this Court. A copy of the District Court's Order is attached hereto as Exhibit 1.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: August 8, 2019

By:_____
Philip H. Stillman, Esq.
Attorneys for defendant FOUR SISTERS INN, INC.

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on June 10, 2019 or as soon as possible thereafter, copies of the foregoing Request for Judicial Notice was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email listed for Plaintiff.

By: /s/ *Philip H. Stillman*

Attorneys for FOUR SISTERS INN, INC.

**Exhibit 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br> Plaintiff, <br><br> v. <br><br> ORANGEWOOD LLC d/b/a DOUBLETREE SUITES BY HILTON ANAHEIM RESORT CONVENTION CENTER, <br> Defendant. | CV 19-00946-DSF-(JCx) <br><br> Order GRANTING Defendant's Motion to Dismiss (Dkt. 9) |

Defendant Orangewood LLC, d/b/a DoubleTree Suites by Hilton Anaheim Resort Convention Center, moves to dismiss Plaintiff Peter Strojnik's Complaint in its entirety. Dkt. 9 (Mot.). Plaintiff opposes the Motion. Dkt. 13. For the reasons stated below, the Motion is GRANTED.

## I. Factual Allegations

Plaintiff, appearing *pro se*, is a resident of Maricopa County, Arizona. Compl. ¶ 3. Plaintiff alleges that he has severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer, and a degenerative right knee. Id. Plaintiff's physical impairments substantially limit his major life activities. Id. ¶ 4. Plaintiff walks with difficulty and pain and requires mobility accessible features. Id.

At lodging facilities, Plaintiff requires ambulatory and wheelchair assistance. Id. ¶ 14.

Defendant owns, operates, or leases a lodging facility located at 2085 S. Harbor Blvd., Anaheim, California, 92802 (the DoubleTree Hotel). Id. ¶ 5. Plaintiff alleges that he visited third-party websites and a website operated by Defendant (the DoubleTree Website) because he intended to visit the Disneyland area. See id. ¶ 15. Plaintiff alleges he did not see accessibility information on the websites in enough detail to permit Plaintiff to assess whether the DoubleTree Hotel met his accessibility needs, and therefore did not make a reservation at the DoubleTree Hotel. Id. ¶¶ 15-20. Plaintiff also alleges the DoubleTree Hotel charges a premium for accessible rooms, and that both the DoubleTree Website and third-party websites failed to make reservations for accessible guest rooms available in the same manner as guest rooms without accessibility features. Id. ¶¶ 18-21.

Plaintiff alleges that he reviewed online information, which revealed architectural barriers at the DoubleTree Hotel. Id. ¶¶ 22, 23 (citing Addendum A). For each of the barriers outlined in Addendum A, Plaintiff alleges the following:

> **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the hotel**: Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meet his accessibility needs.

Compl., Addendum A, at 13-15, 18, 20-31 (emphasis in original). Plaintiff is deterred from patronizing the DoubleTree as a result of these barriers. See id. ¶ 12. Plaintiff intends to visit the

2

DoubleTree Hotel at a "specific time" when Defendant's alleged ADA violations are remedied. Id.

## II. Legal Standard

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original) (citation omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679

3

(alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Discussion

### A. Americans with Disabilities Act (ADA) (First Cause of Action)

Defendant moves to dismiss Plaintiff's First Cause of Action under the Americans with Disabilities Act (ADA) on the grounds that Plaintiff lacks Article III standing.

As the party invoking jurisdiction, Plaintiff bears the burden of pleading standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). For Plaintiff to allege Article III standing, he must sufficiently plead an (i) injury-in-fact, (ii) that is causally connected to the Defendant, and (iii) likely to be redressed by a favorable decision. Id. at 560-61. An injury-in-fact must be: (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. Id. at 560. Because injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of standing. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)). The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." Id. at 944.[1]

---

[1] As Ninth Circuit precedent makes clear, Plaintiff can pursue injunctive relief even if he did not actually visit the Doubletree Hotel and even if he is motivated by his desire to test ADA compliance. Civil Rights Educ. &

4

In determining whether a plaintiff's likelihood of visiting or returning to a facility is sufficient to confer standing, courts have examined factors such as "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Harris v. Del Taco, Inc., 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (citation and quotation marks omitted). Speculative, "some day" intentions of visiting a facility will not support standing. Lujan, 504 U.S. at 564.

Here, Plaintiff alleges that he is deterred from visiting the DoubleTree hotel because of online and architectural barriers. There are almost no factual allegations supporting standing concerning the alleged architectural barriers at the DoubleTree Hotel. Plaintiff alleges that he reviewed hotel booking websites for hotels in the Anaheim area, including the DoubleTree Hotel, because he intended to visit the Disneyland area. Plaintiff does not allege that he ever visited the DoubleTree Hotel or previously desired to stay at the DoubleTree Hotel. Plaintiff does not allege that he has visited the Disneyland area or larger Anaheim area in the past, that he has concrete plans to do so in the future, or that the DoubleTree Hotel is in the geographic zone that Plaintiff typically travels as part of his regular activities.[2] Given that the DoubleTree Hotel not in the state where Plaintiff resides, and Plaintiff makes no allegations that he frequents the Anaheim area or has concrete plants to do so in the future, Plaintiff's hypothetical allegations are insufficient to plead standing to sue

---

Enforcement Center v. Hospitality Props. Tr. (CREEC), 867 F.3d 1093, 1099 (9th Cir. 2017); Doran v. 7–Eleven, Inc., 524 F.3d 1034, 1040 (9th Cir. 2008).

[2] Plaintiff's declaration adds no support for this either, as it states generally that he visits the state of California, but not the Anaheim area.

5

for injunctive relief under the ADA because of architectural barriers at the DoubleTree Hotel.

Moreover, Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing. See Chapman, 631 F.3d at 947. A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." Id. A barrier, however, will "only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." Id. A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. Spokeo, Inc. v. Robbins, 136 S. Ct. 1540, 1550 (2016). Here, Plaintiff includes photographs of alleged barriers at the DoubleTree Hotel. See Addendum A. Each photograph is accompanied by the uniform caption: the barrier "denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meet his accessibility needs." Id. Plaintiff's repeated allegation pertains to barriers online, not to architectural barriers at the DoubleTree Hotel and how those relate to his disability. This is insufficient under Chapman, 631 F.3d at 954; cf. Kohler v. CJP, Ltd., 818 F. Supp. 2d 1169, 1174 (C.D. Cal. 2011) (finding sufficient pleading when plaintiff alleged parking spaces lack level slopes, which made it difficult for plaintiff to transfer from his vehicle to his wheelchair.).

Plaintiff also fails to plead standing for injunctive relief based on barriers on websites.[3] Plaintiff alleges that the DoubleTree

---

[3] 28 C.F.R. § 36.302(e) states:

> a place of lodging shall, with respect to reservations made by any means . . . (i) Modify its policies, practices, or procedures to

6

Website and third-party websites lacked sufficient accessibility information for Plaintiff to determine whether the DoubleTree Hotel met his accessibility needs, but Plaintiff does not identify what features or information Plaintiff requires for his accessibility needs. Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability. Chapman, 631 F.3d at 954. Plaintiff's allegations fail to meet that standard. For example, Plaintiff alleges that the DoubleTree Website and third-party online reservation services failed to make reservations for accessible

---

ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and (v) Guarantee that the specific accessible guest room reserved through its reservation service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Courts routinely apply this provision to online hotel reservation services. See e.g., Barnes v. A-Ventures, LLC, 2:17-CV-2868-HRH, 2017 WL 5624941 (N.D. Cal. Nov. 22, 2017). Defendant's argument that its website is not required to comply with the ADA because a website is not a physical place is simply wrong. See Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019).

7

guest rooms available in the same manner as guest rooms without accessibility features, but again, Plaintiff does not allege any specific difference or how that difference relates to his disability. Plaintiff's allegations that the DoubleTree Hotel charges a premium for accessible rooms and provides insufficient dispersion of accessible rooms among various categories of rooms are likewise insufficient because Plaintiff does not plead how such barriers relate to his disability, or any facts to support an injury because of those barriers. Listing procedural violations without connecting them to any particular harm is insufficient to plead standing. Spokeo, 136 S. Ct. at 1550.

Plaintiff's First Cause of Action under the ADA is dismissed with leave to amend.

## B. The Unruh Act (Fourth Cause of Action)

Plaintiff fails to plead jurisdiction for application of the Unruh Act. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). It is well-settled that the Unruh Act applies only within California. Loving v. Princess Cruise Lines, Ltd., Case No. 08-2898, 2008 WL 7236419, at *2546 (C.D. Cal. 2009) (citing cases). In the context of websites, district courts in the Ninth Circuit have determined that the alleged injury occurs in the place where the plaintiff visited the website. See, e.g., Brooke v. Hotel Inv. Grp., Inc., No. 2:17-CV-2527-HRH, 2017 WL 4124042, at *3 (D. Ariz. Sept. 18, 2017) ("Plaintiff was in Arizona when she attempted to book a room reservation on defendant's website. The alleged injury, plaintiff's inability to book an ADA-accessible room on defendant's website, took place in Arizona, not in California.").

8

The only reasonable inference from Plaintiff's Complaint is that Plaintiff viewed the websites from Arizona, and Plaintiff does not contend otherwise in his opposing brief. Any alleged harm, therefore, occurred entirely in Arizona. The Unruh Act does not extend outside of California. There is no law suggesting that regularly visiting California affords a nonresident application of California law for alleged harm occurring outside the borders of California.

Plaintiff's Second Cause of Action under the Unruh Act is dismissed with leave to amend.

## C. California Disabled Persons Act (DPA) (Third Cause of Action)

Plaintiff's claim under the DPA is dismissed for the reasons stated above. The DPA provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited. . . ." Cal. Civ. Code § 54.1(a)(1). Like the Unruh Act, the DPA is limited to regulating websites accessed by viewers in California. See Greater L.A. Agency on Deafness, Inc., v. Cable News Network, Inc., 742 F.3d. 414, 433 (9th Cir. 2014) (noting the extraterritoriality implications raised if the DPA could regulate websites when they are viewed by persons outside of California).

Plaintiff's Third Cause of Action under the DPA is dismissed with leave to amend.

## D. Negligence (Fourth Cause of Action)

Plaintiff's negligence claim rests on Plaintiff's allegations that Defendant violated the ADA and Unruh Act. Because those causes of action have been dismissed, Plaintiff's negligence claim

9

is dismissed with leave to amend. The request for punitive damages is stricken.

## IV. Conclusion

Defendant's Motion is GRANTED. An amended complaint may be filed and served no later than September 3, 2019. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add new defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.

Date: August 8, 2019

  _____
  Dale S. Fischer
  United States District Judge

10