## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Peter Strojnik, <br><br> v. <br><br> Plaintiff(s) | **CASE NUMBER:** | CV 19-02991-ODW(JEM) |
| Four Sisters Inns, Inc., <br><br> Defendant(s) | **NOTICE TO PARTIES:** <br> **ADA DISABILITY ACCESS LITIGATION** | |

### INSTRUCTIONS TO PLAINTIFF:

In this action alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, Plaintiff is directed to serve three documents (the "ADA Packet") on the Defendant(s): (1) this Notice to Parties; (2) the attached Application for Stay and Early Mediation; and (3) the attached [Proposed] Order Granting Application for Stay and Early Mediation.

Plaintiff is directed to serve the ADA Packet on Defendant(s) at the same time the summons and complaint are served, if possible. If, upon receipt of this Notice to Parties, Plaintiff has already served Defendant(s), Plaintiff must serve the ADA Packet no later than fourteen (14) days after this Notice to Parties is filed with the Court. Within three (3) days of serving Defendant(s), Plaintiff must file with the Court a proof of service indicating that the ADA Packet was served on Defendant(s).

Failure to comply with these directives may adversely affect Plaintiff's claims. For instance, where Defendant fails to answer the complaint, the Court will not enter default judgment unless Plaintiff has served that Defendant with this Notice and the Application for Stay.

### NOTICE TO DEFENDANT(S): YOU ARE BEING SUED PURSUANT TO THE ADA

In this case, Plaintiff alleges that Defendant(s) failed to comply with detailed provisions of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. More specifically, the Complaint alleges that Plaintiff encountered one or more physical or other barriers at a place of public accommodation operated by Defendant(s) and/or the place of public accommodation does not otherwise comply with applicable ADA Accessibility Guidelines ("ADAAG"). *See generally* 36 CFR Pt. 1191, apps. B & D.

A plaintiff who encounters such barriers, or who is otherwise discriminated against "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," may file a private suit to enforce the provisions of Title III. 42 U.S.C. § 12182(a). Monetary damages are not recoverable pursuant to the ADA, but injunctive relief and attorney fees may be awarded. 42 U.S.C. §§ 12188(a)(1)-(2), 12205. Where a violation is found, injunctive relief is likely to require Defendant(s) to remedy physical barriers or other items that fail to conform with the requirements of the ADA. Additional information about the ADA, including downloadable documents setting forth the current ADA Standards for Accessible Design, is available from the United States Department of Justice. *See* http://www.ada.gov/2010ADAstandards_index.htm (last accessed on August 16, 2016).

## ALTERNATIVE DISPUTE RESOLUTION ("ADR") IS AVAILABLE

Despite the efforts to achieve a fair, timely, and just outcome in all Title III cases, litigation can be an expensive and lengthy process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes through alternative dispute resolution ("ADR") at an early stage of litigation. ADR is likely to significantly reduce the cost of litigation and the amount of time needed to resolve ADA claims. In the Court's experience, early ADR is particularly beneficial in disability access litigation because many physical barriers and other failures to comply with ADAAG's requirements can be quickly and economically remedied without litigation. However, where easy fixes are not made promptly, and where resolution of disputes is sought through litigation, the costs of litigation can rapidly overtake the costs of remedying the underlying violation(s). The economically efficient and expeditious removal of barriers to access for persons with disabilities furthers the primary public policy goals of the ADA.

Therefore, to encourage early resolution of litigation, this Court allows a defendant to ask for a stay of litigation so that the parties may participate in the Court's ADR Program. A stay temporarily halts the litigation and puts the litigation "on hold" to allow for mediation. The Court's ADR Program offers mediation through a panel of qualified and impartial attorney-mediators who encourage the fair, speedy, and economic resolution of civil actions. All Panel Mediators have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. Involvement by a Panel Mediator in an ADA access case is a cost-effective way for parties to explore potential avenues of resolution and is similar to programs adopted in California's Superior Courts to resolve similar claims.

## LEGAL REPRESENTATION IS NOT REQUIRED FOR MEDIATION

Ideally, all parties would be represented by counsel. Certainly, any party that chooses to proceed without legal representation will be operating at a significant disadvantage. Although individuals may appear in an action without legal representation, no organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court. L.R. 83-2.2.2. Nevertheless, in recognition that many parties do not obtain legal representation, the Court does not require that any party hire an attorney to file the Application for Stay and Early Mediation or to participate in the Court's ADR Program.

**If the action cannot be resolved through mediation, however, entity defendants (including partnerships, corporations, trusts, and limited liability companies) may not file an answer to the complaint or otherwise appear in the action without an attorney.** L.R. 83-2.2.2.

## TO REQUEST A STAY

To apply for a stay and participate in early mediation, the Defendant(s) must complete the attached Application for Stay and Early Mediation. If a party wishes to file the Application for Stay and Early Mediation, the Application must be filed with the Court and served on the opposing party no later than the due date for an Answer to the Complaint or, alternatively, within fourteen (14) days of the date that the ADA Packet was served, whichever date is later. Where Defendant(s) agree to waive service in a timely manner, the Answer is due sixty (60) days after the request for waiver of service was sent. See Fed. R. Civ. P. 4(d) (waiver), 12(a)(1)(A)(ii) (due date). In the absence of a timely waiver, the Answer is ordinarily due within 21 days after service of the summons and complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i). In all instances, the party requesting a stay should do so as soon as practicable.

If an Application for Stay and Early Mediation is filed, any opposition must be filed within seven (7) days of service of the Application. In accordance with the Court's Local Rules, the failure to file a timely opposition will be treated as consent to the imposition of a stay and referral of the case to mediation. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .").

Absent a compelling reason to forego any attempt to mediate the dispute between the parties, the Court will generally grant the Application for Stay. If the Court grants the Application for Stay, it will enter an Order Staying Action and Requiring Early Mediation.

## PROCEDURE AFTER A STAY IS IMPOSED

Within fourteen (14) days of the date of the Order Staying Action and Requiring Early Mediation, Plaintiff must file with the Court and serve on Defendant a statement that includes: 1) a list of specific conditions that he or she believes violate the ADA; and 2) an itemized list of damages and, for each item, the amount sought.

If Defendant remedies the violation(s) identified by Plaintiff, or if Defendant asserts that no violation exists, the Defendant will be required to provide evidence showing the correction or absence of the alleged violation(s). Defendants with Certified Access Specialists ("CASp") inspection reports may use those reports to rebut Plaintiff's allegations and could be entitled to other protections if Plaintiff has asserted claims under California law. Information about CASp inspections is available from the State of California Department of General Services website. *See* http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx (last accessed August 16, 2016).

## VOLUNTARY ACTION TO REMEDY ADA ACCESS VIOLATIONS

A plaintiff's federal claims may become moot if a defendant voluntarily remedies conditions alleged to be in violation of the ADA and/or ADAAG. In such a case, a defendant who voluntarily remedies all ADA and ADAAG violations without being ordered to do so may obtain dismissal of the claims. Moreover, in some instances, such voluntary action by a defendant may negate a plaintiff's entitlement to attorney fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605-06 (2001) (superseded by statute on other grounds).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Plaintiff(s) | |
| v. | NOTICE TO PARTIES:<br>ADA DISABILITY ACCESS LITIGATION |
| Defendant(s). | |

**NOTICE TO PARTIES:**

**In this action alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, the Court orders the plaintiff to serve this Notice to Parties: ADA Disability Access Litigation and the attached Application for Stay and Early Mediation on defendant(s) at the same time the summons and complaint are served. The plaintiff must file with the Court a proof of service indicating that this Notice to Parties: ADA Disability Access Litigation has been served on defendant(s).** The Court will not enter a defendant's default if the plaintiff has not filed a proof of service establishing that the defendant has been served with this Notice to Parties.

This action alleges violations of the ADA, 42 U.S.C. §§ 12101-12213. Specifically, the Complaint appears to allege that plaintiff encountered one or more physical or other barriers at a place of public accommodation operated by defendant(s) and/or the facility does not otherwise comply with applicable ADA Accessiblity Guidelines ("ADAAG"). Under Title III of the ADA, a plaintiff who has been discriminated against "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" may enforce the ADA through a private suit. 42 U.S.C. § 12182(a). Damages are not recoverable under Title III of the ADA. Only injunctive relief and attorneys' fees are available for violations of Title III. Additional information about the ADA is available from the United States Department of Justice at www.ada.gov.

Despite the efforts of the courts to achieve a fair, timely, and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution ("ADR"). ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. In the Court's experience, early ADR is particularly beneficial in disability access litigation because many physical barriers and other failures to comply with ADAAG's requirements can be quickly and economically remedied. The expeditious removal of barriers to access for persons with disabilities not only furthers the public policy goals of the ADA, but also can substantially reduce the time and financial resources that are often unnecessarily expended in ADA litigation.

To encourage the early and economical resolution of cases involving ADA claims, the Court has created a program allowing defendants to ask for a stay of this litigation, that is, an order temporarily stopping this lawsuit, so that the parties may participate in the Court's ADR Program. The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy, and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution and is similar to programs

adopted in California's Superior Courts to resolve related claims under California law. See Cal. Civil Code §§ 55.51-55.545.

To apply for a stay and participate in the Court's ADR Program, the requesting party must complete the attached Application for Stay and Early Mediation. The Application for Stay and Early Mediation must be filed with the Court and served on the other party(ies) no later than the date an Answer to the Complaint would otherwise be due. Ordinarily, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), this is within 21 days of the defendant being served with the summons and complaint or, if the defendant has timely waived service under Federal Rule of Civil Procedure 4(d), within 60 days after the request for a waiver was sent. If a party files an Application for Stay and Early Mediation, any party opposing the stay has 7 days from the date of service of the Application for Stay to file an Opposition.

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved. Plaintiffs participating in the Court's ADA Disability Access Litigation ADR Program will be required to provide a list of specific conditions on the subject premises that are the basis of the claimed violations of the ADA. If a defendant has remedied the violation(s) identified by plaintiff, or asserts that no violation exists, the defendant will be required to provide evidence showing the correction or absence of the alleged violation(s). Defendants with Certified Access Specialists ("CASp") inspection reports may use those reports to rebut plaintiff's allegations and could be entitled to other protections if plaintiff has also alleged claims under California law. See Cal. Civ. Code §§ 55.51-55.545. Additional information about CASp inspections is available from the State of California at www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx.

Among the factors for the parties to consider when participating in the Court's ADR Program involving disability access litigation is the possibility that claims brought pursuant to the ADA may become moot if the barrier(s) or other ADAAG violations are voluntarily remedied by the owner or operator of the place of public accommodation. **Therefore, a defendant who voluntarily cures all of the alleged ADA and ADAAG violations without being ordered to do so by the Court may be able to obtain the dismissal of the plaintiff's ADA claims and the plaintiff may not be entitled to an award of attorneys' fees as the prevailing party.** Although rare, a plaintiff who pursues an ADA claim after the alleged violation has been voluntarily remedied risks having to pay the defendant's attorneys' fees if the Court concludes that the defendant is the prevailing party.

The Court does not recommend proceeding without an attorney, and any party that does not hire an attorney is operating at a significant disadvantage. However, defendants are not required to hire an attorney to file the Application for Stay and Early Mediation or to participate in the Court's ADR Program. If the mediation does not resolve the action, a defendant that is a corporation may not file an answer to the complaint or otherwise appear in the action without an attorney. See 28 U.S.C. § 1654; see also In re Highley, 459 F.2d 554, 555 (9th Cir. 1972).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | CASE NUMBER |
|---|---|---|
| | Plaintiff(s) | |
| v. | | **ADA DISABILITY ACCESS LITIGATION APPLICATION FOR STAY AND EARLY MEDIATION** |
| | Defendant(s). | |

1. Party (name): _____ requests a stay of proceedings and early mediation through the Court's ADR Program.

2. The complaint in this case alleges a claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189.

3. The party filing the Application for Stay and Early Mediation requests that the Court:
   a. Stay these proceedings;
   b. Schedule an early mediation through the court's ADR Program;
   c. Order plaintiff to file with the Court and serve on defendant(s) at least 45 days before the date set for the early mediation a statement that includes all of the following:
      1. An itemized list of specific conditions on the subject premises that are the basis of the claimed violations of the ADA;
      2. The amount of damages;
      3. The amount of attorneys' fees and costs incurred to date, if any, that are being claimed; and
      4. Any demand for settlement of the case in its entirety.
   d. If a defendant has remedied any or all of the violation(s) identified by plaintiff, or asserts that no violation exists, order that defendant to file with the Court and serve on plaintiff evidence showing the correction or absence of violation(s) at least 10 days before the date set for the early mediation.

Date: _____

_____        _____
*Type or Print Name*                        *Signature of Attorney or Party without Attorney*

**Any party opposing the Application for Stay and Early Mediation**
**shall have seven (7) days from the date of service of this**
**Application for Stay and Early Mediation to file and serve an Opposition.**