1
2
3
4
5

Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant FOUR SISTERS INNS, INC.

6
7

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15

PETER STROJNIK,

                      Plaintiff,

      vs.

FOUR SISTERS INNS, INC DBA CHANNEL ROAD INN

                 Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 19-cv-02991-0DW-JEM

DEFENDANT'S REPLY TO Plaintiff'S RESPONSE TO THIS COURT'S OSC *RE* SUPPLEMENTAL JURISDICTION

Hon. Otis D. Wright II

Complaint filed: April 18, 2019

16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Four Sisters Inn, Inc. Hereby replies to the response of Plaintiff Peter Strojnik to this Court's Order to Show Cause re Supplemental Jurisdiction.  For the reasons set forth below, Plaintiff – a serial ADA litigant who has plagued and continues to plague hotels in California *in pro per* now that he has been disbarred by the Arizona State Bar in May 2019 for filing fraudulent ADA complaints – has not complied with this Court's OSC, has made material misrepresentations to this Court and has failed to show that this Court should exercise supplemental jurisdiction over his nuisance state law claims.[1]

**ARGUMENT**

**I.**

**PLAINTIFF'S RESPONSE IS A NON-RESPONSE AND THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICITON ON THAT BASIS ALONE**

A.    Strojnik Has Failed To Respond Under Oath Regarding His Status As A High Frequency Filer.

This Court ordered Plaintiff to

support their responses to the Order to Show Cause *with declarations, signed under penalty of perjury*, providing all facts necessary for the Court to determine if they satisfy the definition of a "high frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

OSC, Dkt. 12 (emphasis added).  In response, Strojnik provided what he captioned to be a "declaration," but it is not signed under penalty of perjury and is therefore *not* a "declaration" under either state or federal law. Moreover, Local Rule 7.7 requires that "Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)." Fed.R.Civ.P. 56(c)(4) similarly requires that "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that

---

[1]  Plaintiff contends that he served counsel with his Response on September 3, 2019 via email, which is false. Defendant first saw the Response when it was filed via ECF on September 13.

the affiant or declarant is competent to testify on the matters stated." Ignoring the fact that Strojnik's "declaration" is not signed under penalty of perjury as required by this Court, the declaration merely makes legal arguments that Strojnik has already made in his Response to the OSC and does *not* provide this Court with *any* facts necessary for this Court to determine whether Strojnik is a "high frequency" litigant.

B.    Strojnik Has Misrepresented His Status As A High Frequency Litigant Under State Law.

Code Civ. P. § 425.55(b)(1) defines a "high frequency litigant" as a plaintiff that has filed ten or more complaints alleging construction-related accessibility violations within the prior 12 months. Strojnik's response: he is not alleging construction-related accessibility violations in the above-captioned action and apparently, therefore, he does not believe that he is required to respond at all to this Court's OSC. Strojnik "Declaration," ¶ 18. That is false on several levels.

First, the Court required that he disclose "all facts" necessary for the Court to determine whether Strojnik is a high frequency litigant under state law. This material issue is directly related to whether this Court should decline to exercise supplemental jurisdiction on comity grounds, pursuant to 28 U.S.C. § 1367(c)(4). *See Schutza v. Cuddeback*, 262 F.Supp.3d 1025 (S.D. Cal. 2017); *Theroux v. Oceanside Motel-9, LP*, 2019 U.S. Dist. LEXIS 162444 (S.D. Cal. Sep. 20, 2019)(following *Cuddeback*). He has not disclosed any "facts." Facts germane to this inquiry would at a minimum entail disclosing to this Court how many cases Strojnik has filed in California, how many of those have been dismissed for lack of jurisdiction, in how many of his cases has the Court declined to exercise supplemental jurisdiction, the number of settlements Strojnik has received, and the amount of settlements in total that he has received.

Second, despite his unverified statement that he is not making a construction accessibility claim *in this case*, that is not only not what this Court ordered, but it is belied by his own allegations in the complaint. For example, Strojnik alleges that "Online information relating to accessibility or lack thereof disclosed *architectural barriers to*

*accessibility as more fully documented in Addendum A*." Complaint, ¶ 22. These architectural barriers to accessibility "described in Addendum A relate to Plaintiffs disability and interfere with Plaintiff's full and complete enjoyment of the Hotel." Complaint, ¶ 24. Strojnik further requests that this Court enter an "Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities." Complaint, p. 4. Thus, the allegations in his Complaint show that he *is* basing his ADA claim on construction-related accessibility violations.[2]

Moreover, Defendant's counsel is *personally* aware of four additional cases in which Defendant's counsel in this case is counsel of record for a defendant hotel, where Strojnik is claiming construction related accessibility violations: *Strojnik v. Orangewood LLC,* 19-00946-DSF-(JCx) (C.D.Cal. August. 8, 2019)(dismissing complaint with leave to amend); *Strojnik v. Bakersfield Convention Hotel I, LLC*, Case No. 19-cv-01098-LJO-JLT (E.D.Cal. 2019)(motion to dismiss pending); *Strojnik v. 574 Escuela, LLC*, Case No. 18-CV-06777 (N.D.Cal. 2018) (motion to dismiss pending); *Strojnik v. Hotel GL Circle Holdings, LLC,* Case No. 19-CV-01194-DAD-EPG (E.D.Cal. 2019).  In each of these cases, Strojnik alleges, among other things, that he is seeking "Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities" and that "Plaintiff encountered  barriers to accessibility documented in Addendum A."

In addition to those cases of which counsel has personal knowledge, in an additional two cases, the courts have either dismissed his complaint based on purported construction

---

[2] In response to a similar OSC re Supplemental Jurisdiction entered in *Strojnik v. Urban Commons Cordova, LLC*, Case No. 19-2078 PA (Ssx) (C.D.Cal. Aug. 20, 2019), Judge Anderson rejected this exact same argument by Strojnik (made in what appears to be the identical OSC Response as here) that the complaint did not allege a construction related accessibility violation and thus Strojnik did not have to provide any further information. Judge Anderson dismissed the state law claims, as should this Court.

related accessibility violations or dismissed his state law claims: *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-CV-02067-AB (PJWx) (C.D.Cal. Aug. 14, 2019)(dismissing case with prejudice); *Strojnik v. Urban Commons Cordova, LLC*, Case No. 19-2078 PA (Ssx) (C.D.Cal. Aug. 20, 2019)(declining to exercise supplemental jurisdiction and dismissing state claims).  There are many more. A list from Westlaw of the 109 cases filed by Strojnik in California since April 2018 is attached hereto as <u>Exhibit 1</u>.

Accordingly, Strojnik's false claim that he is not asserting "construction related accessibility violations" is false, and consistent with the type of misrepresentations for which Strojnik was disbarred.  The list of 109 cases attached hereto as Exhibit 1establishes that Strojnik is a "high frequency litigant."

II.

<u>STROJNIK'S STATE LAW CLAIMS SHOULD BE DISMISSED</u>

Defendant intended to fully brief the issue of whether this Court should decline to exercise supplemental jurisdiction over Strojnik's state law claims under the Unruh Act, the Disabled Persons Act and for Negligence .  However, Judge Anderson in *Strojnik v.Urban Commons Cordova, LLC*, Case No. 19-2078 PA (Ssx) (C.D.Cal. Aug. 20, 2019) has summed up *in toto* what Defendant would have presented here.  Accordingly, Defendant will let this Court read Judge Anderson's detailed Order declining to exercise supplemental jurisdiction, which is attached hereto as <u>Exhibit 2</u> for the Court's convenience, and for all of the reasons set therein, urge this Court to enter the same Order in this case.

Moreover, this Court in its OSC warned Strojnik that "Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice . . ."  Strojnik's Response was clearly not adequate.  This Court should note that for the same reasons set forth in *Pasadena Robles Acquisition, LLC,* in the recent case of *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525, at *24-26 (D. Haw. Aug. 26, 2019) (dismissing case with prejudice), and in the pending Motion to Dismiss, this Court should put the entire case out of its misery and grant the pending Motion to Dismiss for lack of standing.

1

## CONCLUSION

2      For the foregoing reasons, defendant respectfully requests that this Court dismiss the

3 entire case for lack of standing and decline to exercise supplemental jurisdiction over

4 Strojnik's state law claims. Strojnik has already been disbarred for misrepresentations to the

5 courts and for fraud in connection with his filing ADA claims, so discipline has proven

6 ineffective.  Accordingly, Defendant further requests that this Court issue a second Order to

7 Show Cause re imposition of sanctions pursuant to this Court's inherent powers or 28

8 U.S.C. § 1927 for Strojnik's vexatious conduct and misrepresentations to this Court.

9                                          Respectfully Submitted,

10                                         STILLMAN & ASSOCIATES

11

12 Dated: October 1, 2019          By:_____
                                            Philip H. Stillman, Esq.
13                                       Attorneys for defendant FOUR SISTERS INN, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2      I, the undersigned, certify under penalty of perjury that on October 1, 2019 or as soon

3  as possible thereafter, copies of the foregoing Request for Judicial Notice was served

4  electronically by the Court's ECF notice to all persons/entities requesting special notice or

5  otherwise entitled to the same and via email listed for Plaintiff.

6                                    By: /s/ *Philip H. Stillman*

7                                          Attorneys for FOUR SISTERS INN, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

## 1. (PS) Strojnik v. Kanhaiya, LLC

September 20, 2019   |   CA U.S. Dist. Ct., East   |   2:19-CV-01941   |   Civil Rights, ADA-Other   |   Judge(s): District Judge Troy L. Nunley   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Kanhaiya, LLC

Plaintiff Attorney(s):   Peter Strojnik, Sr.

## 2. Strojnik v. Kanhaiya, LLC

September 20, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01321   |   Civil Rights, ADA-Other   |   Judge(s): District Judge Anthony W. Ishii   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Kanhaiya, LLC

Plaintiff Attorney(s):   Peter Strojnik, Sr.

## 3. Strojnik v. Weaver Enterprises, LP

September 20, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01322   |   Civil Rights, ADA-Other   |   Judge(s): Chief Judge Lawrence J. O'Neill   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Weaver Enterprises, LP

Plaintiff Attorney(s):   Peter Strojnik, Sr.

## 4. Strojnik v. Weaver Enterprises, LP

September 20, 2019   |   CA U.S. Dist. Ct., East   |   2:19-CV-01938   |   Civil Rights, ADA-Other   |   Judge(s): District Judge John A. Mendez   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Weaver Enterprises, LP

Plaintiff Attorney(s):   Peter Strojnik, Sr.

## 5. (PS) Strojnik v. Azul Hospitality Group, LLC et al

September 18, 2019   |   CA U.S. Dist. Ct., East   |   2:19-CV-01877   |   Civil Rights, ADA-Other   |   Judge(s): District Judge Troy L. Nunley   |   None

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Azul Hospitality Group, LLC         McConnell Foundation

Plaintiff     Peter Strojnik, Sr.
Attorney(s):

---

## 6. Strojnik v. BRE SSP Property Owner, LLC

September 11, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01264   |   Civil Rights, ADA-Other   |   Judge(s):
District Judge Dale A. Drozd   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s):  BRE SSP Property Owner, LLC

Plaintiff     Peter Strojnik, Sr.
Attorney(s):

---

## 7. Strojnik v. Stone Creek Lodging, L.P.

September 11, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01265   |   Civil Rights, ADA-Other   |   Judge(s):
District Judge Dale A. Drozd   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s):  Stone Creek Lodging, L.P.

Plaintiff     Peter Strojnik, Sr.
Attorney(s):

---

## 8. Strojnik v. Hi Fresno Hotel Holdings, LLC

August 30, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01195   |   Civil Rights, ADA-Other   |   Judge(s): Chief
Judge Lawrence J. O'Neill   |   None

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s):  Hi Fresno Hotel Holdings, LLC

Plaintiff     Peter Strojnik, Sr.
Attorney(s):

---

## 9. Strojnik v. Hotel Circle GL Holdings, LLC

August 30, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01194   |   Civil Rights, ADA-Other   |   Judge(s): District
Judge Dale A. Drozd   |   None

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s):  Peter Hotel Circle GL Holdings,
LLC

Plaintiff     Peter Strojnik, Sr.
Attorney(s):

---

## 10. Strojnik v. Morning View Hotels, Inc.

August 30, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01196   |   Civil Rights, ADA-Other   |   Judge(s): Chief
Judge Lawrence J. O'Neill   |   None

Case 2:19-cv-02991-ODW-JEM    Document 18    Filed 10/01/19    Page 11 of 41    Page ID
#:184
List of 109 results for advanced: PTN("peter strojnik") & DA(aft 01-01-2018)

Plaintiff(s):    Peter Strojnik, Sr.

Defendant(s): Morning View Hotels, Inc.

Plaintiff          Peter Strojnik, Sr.
Attorney(s):

---

## 11. Strojnik v. Shivkrupa Investments, Inc.

August 30, 2019    |    CA U.S. Dist. Ct., East    |    1:19-CV-01192    |    Civil Rights, ADA-Other    |    Judge(s): District
Judge Dale A. Drozd    |    Plaintiff

Plaintiff(s):    Peter Strojnik, Sr.

Defendant(s): Shivkrupa Investments, Inc.

Plaintiff          Peter Strojnik, Sr.
Attorney(s):

---

## 12. Strojnik v. Uniwell Fresno Hotel, LLC

August 30, 2019    |    CA U.S. Dist. Ct., East    |    1:19-CV-01193    |    Civil Rights, ADA-Other    |    Judge(s): District
Judge Anthony W. Ishii    |    None

Plaintiff(s):    Peter Strojnik, Sr.

Defendant(s): Uniwell Fresno Hotel, LLC

Plaintiff          Peter Strojnik, Sr.
Attorney(s):

---

## 13. Strojnik v. Mount View Hotel Partners, a California Limited Partnership

August 20, 2019    |    CA U.S. Dist. Ct., North    |    3:19-CV-05188    |    Civil Rights, ADA-Other    |    Judge(s):
Magistrate Judge Jacqueline Scott Corley    |    None

Plaintiff(s):    Peter Strojnik, Sr.

Defendant(s): Mount View Hotel Partners, a
California Limited Partnership

Plaintiff          Peter Strojnik, Sr.
Attorney(s):

---

## 14. Strojnik v. Classic Hotels & Resorts LLC et al

August 19, 2019    |    CA U.S. Dist. Ct., North    |    5:19-CV-05149    |    Civil Rights, ADA-Other    |    Judge(s):
Magistrate Judge Susan van Keulen    |    None

Plaintiff(s):    Peter Strojnik, Sr.

Defendant(s): Classic Hotels & Resorts LLC          Grossman Company
Properties, Inc.,

Plaintiff          Peter Strojnik, Sr.
Attorney(s):

---

### 15. (PS) Strojnik v. Capitol Regency, LLC
August 15, 2019  |  CA U.S. Dist. Ct., East  |  2:19-CV-01587  |  Civil Rights, ADA-Other  |  Judge(s): District
Judge Morrison C. England, Jr  |  None

   Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): Capitol Regency, LLC

   Plaintiff     Peter Strojnik, Sr.
   Attorney(s):

---

### 16. Peter Strojnik, Sr. v. SCG America Construction Inc.
August 13, 2019  |  CA U.S. Dist. Ct., Cent.  |  8:19-CV-01560  |  Civil Rights, ADA-Other  |  Judge(s): Judge
James V. Selna  |  Plaintiff

   Plaintiff(s):  Peter Strojnik, Sr

Defendant(s): SCG America Construction Inc.

   Plaintiff     Peter Strojnik, Sr
   Attorney(s):

---

### 17. Peter Strojnik v. JW World Enterprises, Inc. Best Western Bakersfield North
August 12, 2019  |  CA U.S. Dist. Ct., East  |  1:19-CV-01096  |  Civil Rights, ADA-Other  |  Judge(s): District
Judge Dale A. Drozd  |  None

   Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): JW World Enterprises, Inc.Best
            Western Bakersfield North

   Plaintiff     Peter Strojnik, Sr.
   Attorney(s):

---

### 18. Strojnik v. Bakersfield Convention Hotel I, LLC
August 12, 2019  |  CA U.S. Dist. Ct., East  |  1:19-CV-01098  |  Civil Rights, ADA-Other  |  Judge(s): Chief
Judge Lawrence J. O'Neill  |  None

   Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): Bakersfield Convention Hotel I,
            LLC

   Plaintiff     Peter Strojnik, Sr.
   Attorney(s):

---

### 19. Strojnik v. BRE Newton Hotels Property Owner, LLC
August 12, 2019  |  CA U.S. Dist. Ct., East  |  1:19-CV-01097  |  Civil Rights, ADA-Other  |  Judge(s): Chief
Judge Lawrence J. O'Neill  |  None

   Plaintiff(s):  Peter Strojnik, Sr.

Case 2:19-cv-02991-ODW-JEM   Document 18   Filed 10/01/19   Page 13 of 41   Page ID
#:186
List of 109 results for advanced: PTN("peter strojnik") & DA(aft 01-01-2018)

Defendant(s): BRE Newton Hotels Property
Owner, LLC

Plaintiff
Attorney(s):    Peter Strojnik, Sr.

---

## 20. Strojnik v. Integrated Capital, LLC

August 12, 2019   |   CA U.S. Dist. Ct., East   |   1:19-CV-01099   |   Civil Rights, ADA-Other   |   Judge(s): District
Judge Dale A. Drozd   |   None

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Integrated Capital, LLC

Plaintiff
Attorney(s):    Peter Strojnik, Sr.

---

## 21. Strojnik v. Homestead Inn LLC

August 09, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-04619   |   Civil Rights, ADA-Other   |   Judge(s):
Magistrate Judge Virginia K. DeMarchi   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Homestead Inn LLC

Plaintiff
Attorney(s):    Peter Strojnik, Sr.

---

## 22. Strojnik v. Resort at Indian Springs, LLC

August 09, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-04616   |   Civil Rights, ADA-Other   |   Judge(s):
Magistrate Judge Susan van Keulen   |   None

Plaintiff(s):   Peter Strojnik

Defendant(s): Resort at Indian Springs, LLC

Plaintiff
Attorney(s):    Peter Strojnik

Defendant
Attorney(s):    Alexander Jacob Leal Kaplan     Diana Marie Estrada

---

## 23. Strojnik v. Marla K Hicks Trust

August 01, 2019   |   CA U.S. Dist. Ct., South   |   3:19-CV-01446   |   Civil Rights, ADA-Other   |   Judge(s): Judge
Gonzalo P. Curiel   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Marla K Hicks Trust          Braemar Partnership

Plaintiff
Attorney(s):    Peter Strojnik, Sr.

Defendant
Attorney(s):    Nadia Parra Bermudez

---

Case 2:19-cv-02991-ODW-JEM    Document 18    Filed 10/01/19    Page 14 of 41    Page ID
#:187
List of 109 results for advanced: PTN(" peter strojnik ") & DA(aft 01-01-2018)

## 24. Strojnik v. RNM Hospitality, Inc et al

August 01, 2019 | CA U.S. Dist. Ct., South | 3:19-CV-01445 | Civil Rights, ADA-Other | Judge(s): Judge
William Q. Hayes | Plaintiff

Plaintiff(s):     Peter Strojnik, Sr.

Defendant(s): RNM Hospitality, Inc          Synergy Hotel Group, LLC

Plaintiff         Peter Strojnik, Sr.
Attorney(s):

## 25. Strojnik v. Bartell Hotels Management Company

July 24, 2019 | CA U.S. Dist. Ct., South | 3:19-CV-01391 | Civil Rights, ADA-Other | Judge(s): Judge
Dana M. Sabraw | Plaintiff

Plaintiff(s):     Peter Strojnik, Sr.

Defendant(s): Bartell Hotels Management
                Company

Plaintiff         Peter Strojnik, Sr.
Attorney(s):

## 26. Strojnik v. CWI 2 La Jolla Hotel, LP

July 24, 2019 | CA U.S. Dist. Ct., South | 3:19-CV-01381 | Civil Rights, ADA-Other | Judge(s): Judge
Gonzalo P. Curiel | Plaintiff

Plaintiff(s):     Peter Strojnik, Sr.

Defendant(s): CWI 2 La Jolla Hotel, LP

Plaintiff         Peter Strojnik, Sr.
Attorney(s):

## 27. Strojnik v. Lizerbram

July 24, 2019 | CA U.S. Dist. Ct., South | 3:19-CV-01390 | Civil Rights, ADA-Other | Judge(s): Chief
Judge Larry Alan Burns | Plaintiff

Plaintiff(s):     Peter Strojnik, Sr.

Defendant(s): Martin Lizerbram          Thomas Funke

Plaintiff         Peter Strojnik, Sr.
Attorney(s):

Defendant        Scott Noya                Lee H Roistacher
Attorney(s):

## 28. Strojnik v. Prospect Hospitality, LP.

July 24, 2019 | CA U.S. Dist. Ct., South | 3:19-CV-01386 | Civil Rights, ADA-Other | Judge(s): Judge
William Q. Hayes | Plaintiff

Plaintiff(s):    Peter Strojnik, Sr.

Defendant(s): Prospect Hospitality, LP.

Plaintiff       Peter Strojnik, Sr.
Attorney(s):

---

## 29. Strojnik, Sr v. Cypress Inn Investors

July 11, 2019    |    CA U.S. Dist. Ct., North    |    5:19-CV-03981    |    Civil Rights, ADA-Other    |    Judge(s): Judge Richard Seeborg    |    Plaintiff

Plaintiff(s):    Peter Strojnik, Sr

Defendant(s): Cypress Inn Investors

Plaintiff       Peter Strojnik, Sr
Attorney(s):

---

## 30. Strojnik, Sr v. Cypress Inn Investors

July 11, 2019    |    CA U.S. Dist. Ct., North    |    3:19-CV-03981    |    Civil Rights, ADA-Other    |    Judge(s): Judge Richard Seeborg    |    Plaintiff

Plaintiff(s):    Peter Strojnik, Sr

Defendant(s): Cypress Inn Investors

Plaintiff       Peter Strojnik, Sr
Attorney(s):

Defendant      Andrew H. Swartz
Attorney(s):

---

## 31. Strojnik v. 539 Johnson Street, LLC

July 10, 2019    |    CA U.S. Dist. Ct., North    |    3:19-CV-03980    |    Civil Rights, ADA-Other    |    Judge(s): Magistrate Judge Joseph C. Spero    |    Plaintiff

Plaintiff(s):    Peter Strojnik, Sr.

Defendant(s): 539 Johnson Street, LLC

Plaintiff       Peter Strojnik, Sr.
Attorney(s):

---

## 32. Strojnik v. IA Lodging Napa First LLC

July 10, 2019    |    CA U.S. Dist. Ct., North    |    4:19-CV-03983    |    Civil Rights, ADA-Other    |    Judge(s): Magistrate Judge Donna M. Ryu    |    Plaintiff

Plaintiff(s):    Peter Strojnik

Defendant(s): IA Lodging Napa First LLC

Plaintiff       Peter Strojnik
Attorney(s):

---

| Defendant Attorney(s): | Eric Michael Kennedy | Tracy Anne Warren |
|---|---|---|

## 33. Strojnik v. WCH Napa LLC

July 10, 2019   |   CA U.S. Dist. Ct., North   |   4:19-CV-03968   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Kandis A. Westmore   |   Plaintiff

| Plaintiff(s): | Peter Strojnik, Sr. |
|---|---|
| Defendant(s): | WCH Napa LLC |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. |

## 34. Strojnik v. GHALP Parnership, L.P.

June 24, 2019   |   CA U.S. Dist. Ct., South   |   3:19-CV-01187   |   Civil Rights, ADA-Other   |   Judge(s): Chief Judge Larry Alan Burns   |   None

| Plaintiff(s): | Peter Strojnik, Sr. |
|---|---|
| Defendant(s): | GHALP Parnership, L.P. |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. |

## 35. Strojnik v. La Jolla Bed & Breakfast Inc.

June 24, 2019   |   CA U.S. Dist. Ct., South   |   3:19-CV-01186   |   Civil Rights, ADA-Other   |   Judge(s): Judge William Q. Hayes   |   None

| Plaintiff(s): | Peter Strojnik, Sr. |
|---|---|
| Defendant(s): | La Jolla Bed & Breakfast Inc. |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. |

## 36. Strojnik v. GF Carneros Tenant, LLC

June 20, 2019   |   CA U.S. Dist. Ct., North   |   3:19-CV-03583   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Jacqueline Scott Corley   |   Both

| Plaintiff(s): | Peter Strojnik | |
|---|---|---|
| Defendant(s): | Napa LW Hotel Associates | GF Carneros Tenant, LLC |
| Plaintiff Attorney(s): | Peter Strojnik | |
| Defendant Attorney(s): | Shane Singh | Adam Pierce Smith |

## 37. Strojnik v. Fowler LLC

June 13, 2019   |   CA U.S. Dist. Ct., North   |   3:19-CV-03376   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Thomas S. Hixson   |   Plaintiff

   Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): Fowler LLC

   Plaintiff     Peter Strojnik, Sr.
   Attorney(s):

## 38. Strojnik v. Madrona Manor Wine Country Inn & Restaurant Inc.

June 13, 2019   |   CA U.S. Dist. Ct., North   |   3:19-CV-03375   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Laurel Beeler   |   Both

   Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): Madrona Manor Wine Country
             Inn & Restaurant Inc.

   Plaintiff     Peter Strojnik, Sr.
   Attorney(s):

   Defendant   John A. Holdredge           Magdalena Ridley McQuilla
   Attorney(s):

## 39. Strojnik v. Wilson

June 13, 2019   |   CA U.S. Dist. Ct., North   |   3:19-CV-03377   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Sallie Kim   |   None

   Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): Kenneth C. Wilson

   Plaintiff     Peter Strojnik, Sr.
   Attorney(s):

## 40. Strojnik, Sr. v. First & Mission Properties LLC

June 05, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-03122   |   Civil Rights, ADA-Other   |   Judge(s): Judge Nathanael M. Cousins   |   None

   Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): First & Mission Properties LLC

   Plaintiff     Peter Strojnik, Sr.
   Attorney(s):

   Defendant   Julia Nell Sarnoff
   Attorney(s):

## 41. <u>Strojnik v. Xenia Hotels & Resorts, Inc.</u>

June 04, 2019  |  CA U.S. Dist. Ct., North  |  5:19-CV-03082  |  Civil Rights, ADA-Other  |  Judge(s): Judge Nathanael M. Cousins  |  Plaintiff

Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s): Xenia Hotels & Resorts, Inc.

Plaintiff
Attorney(s):  Peter Strojnik, Sr.

Defendant
Attorney(s):  Tracy Anne Warren

## 42. <u>Strojnik v. Hyatt International Corporation</u>

May 31, 2019  |  CA U.S. Dist. Ct., North  |  5:19-CV-03006  |  Civil Rights, ADA-Other  |  Judge(s): Judge Nathanael M. Cousins  |  None

Plaintiff(s):  Peter Strojnik

Defendant(s): Hyatt International Corporation

Plaintiff
Attorney(s):  Peter Strojnik

Defendant
Attorney(s):  Tracy Anne Warren          Eric Michael Kennedy          Rick Anthony Waltman

## 43. <u>Peter Strojnik Sr. v. Khanna Enterprises, LTD</u>

May 30, 2019  |  CA U.S. Dist. Ct., Cent.  |  8:19-CV-01045  |  Civil Rights, ADA-Other  |  Judge(s): Judge James V. Selna  |  Plaintiff

Plaintiff(s):  Peter Strojnik, Sr

Defendant(s): Khanna Enterprises, LTD

Plaintiff
Attorney(s):  Peter Strojnik, Sr

## 44. <u>Peter Strojnik Sr. v. King Frederick Motel, LLC</u>

May 28, 2019  |  CA U.S. Dist. Ct., Cent.  |  2:19-CV-04615  |  Civil Rights, ADA-Other  |  Judge(s): Judge John A. Kronstadt  |  Plaintiff

Plaintiff(s):  Peter Strojnik, Sr

Defendant(s): King Frederick Motel, LLC

Plaintiff
Attorney(s):  Peter Strojnik, Sr

### 45. Peter Strojnik, Sr. v. Bent Olsen et al

May 28, 2019 | CA U.S. Dist. Ct., Cent. | 2:19-CV-04614 | Civil Rights, ADA-Other | Judge(s): Judge Stephen V. Wilson | Plaintiff

Plaintiff(s): Peter Strojnik, Sr

Defendant(s): Bent Olsen                          Susy Gioconda

Plaintiff        Peter Strojnik, Sr
Attorney(s):

---

### 46. Peter Strojnik Sr. v. Orangewood LLC

May 17, 2019 | CA U.S. Dist. Ct., Cent. | 8:19-CV-00946 | Civil Rights, ADA-Other | Judge(s): Judge Dale S. Fischer | Plaintiff

Plaintiff(s): Peter Strojnik, Sr

Defendant(s): Orangewood LLC

Defendant       Philip H Stillman
Attorney(s):

Plaintiff        Peter Strojnik, Sr
Attorney(s):

---

### 47. Peter Strojnik v. Landmark Marriott Suites LLC

May 17, 2019 | CA U.S. Dist. Ct., Cent. | 8:19-CV-00944 | Civil Rights, ADA-Other | Judge(s): Magistrate Judge Patrick J. Walsh | Plaintiff

Plaintiff(s): Peter Strojnik, Sr

Defendant(s): Landmark Marriott Suites LLC

Plaintiff        Peter Strojnik, Sr
Attorney(s):

Defendant       Cindy Jina Lee                    Daniel Adlai Berman              Jade N Tran
Attorney(s):

---

### 48. Peter Strojnik v. Ayres-Orange, L.P.

May 16, 2019 | CA U.S. Dist. Ct., Cent. | 8:19-CV-00930 | Civil Rights, ADA-Other | Judge(s): Judge David O. Carter | Plaintiff

Plaintiff(s): Peter Strojnik, Sr

Defendant(s): Ayres-Orange, L.P.

Plaintiff        Peter Strojnik, Sr
Attorney(s):

Defendant       David E Karlin                    Larry Scott Karlin              Michael Joseph Karlin
Attorney(s):

---

## 49. Strojnik v. VY Verasa Commercial Company LLC et al

May 15, 2019   |   CA U.S. Dist. Ct., North   |   3:19-CV-02556   |   Civil Rights, ADA-Other   |   Judge(s): Judge William H. Orrick   |   Defendant

Plaintiff(s):      Peter Strojnik

Defendant(s):   VY Verasa Commercial          Greg Hurley                        Jane Doe Hurley
                Company LLC

                Sheppard Mullin

Plaintiff         Peter Strojnik
Attorney(s):

Defendant         Gregory F. Hurley              Bradley James Leimkuhler
Attorney(s):

## 50. In Re: v. Strojnik et al

May 14, 2019   |   CA U.S. Dist. Ct., South   |   3:19-CV-00909   |   Civil Rights, ADA-Other   |   Judge(s): Judge William Q. Hayes   |   Plaintiff

Plaintiff(s):      Peter Strojnik, Sr.

Defendant(s):   Host Hotels and Resorts, LP

Plaintiff         Peter Strojnik, Sr.
Attorney(s):

Defendant         Tracy Anne Warren              Rick A. Waltman
Attorney(s):

## 51. Strojnik v. Mirabel Hotel and Restaurant Group LLC

May 10, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-02529   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Susan van Keulen   |   Both

Plaintiff(s):      Peter Strojnik, Sr.

Defendant(s):   Mirabel Hotel and Restaurant
                Group LLC

Plaintiff         Peter Strojnik, Sr.
Attorney(s):

Defendant         Cathleen M Giovannini          Stephan Allen Barber
Attorney(s):

## 52. Peter Strojnik v. Four Sisters Inns, Inc

April 18, 2019   |   CA U.S. Dist. Ct., Cent.   |   2:19-CV-02991   |   Civil Rights, ADA-Other   |   Judge(s): Judge Otis D. Wright, II   |   Plaintiff

Plaintiff(s):      Peter Strojnik, Sr

Defendant(s):   Four Sisters Inns, Inc

| | |
|---|---|
| Plaintiff Attorney(s): | Peter Strojnik, Sr |
| Defendant Attorney(s): | Philip H Stillman |

---

## 53. Peter Strojnik v. Pacifica Hotel Company, Inc.

April 10, 2019   |   CA U.S. Dist. Ct., Cent.   |   2:19-CV-02743   |   Civil Rights, ADA-Other   |   Judge(s): Judge Michael W. Fitzgerald   |   Plaintiff

| | | |
|---|---|---|
| Plaintiff(s): | Peter Strojnik, Sr | |
| Defendant(s): | Pacifica Hotel Company, Inc. | |
| Plaintiff Attorney(s): | Peter Strojnik, Sr | |
| Defendant Attorney(s): | Melissa T Daugherty | Kelley Marie Blasa Fox |

---

## 54. Strojnik v. Bernardus LLC

April 08, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-01875   |   Civil Rights, ADA-Other   |   Judge(s): Judge Lucy H. Koh   |   Plaintiff

| | | | |
|---|---|---|---|
| Plaintiff(s): | Peter Strojnik, Sr. | Woodside Hotel Group, LTD | |
| Defendant(s): | Bernardus LLC | Woodside Hotel Group, LTD | Monterey Holdings, L.P. |
| | Peter Strojnik, Sr. | | |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. | Matthew J. Weber | |
| Defendant Attorney(s): | Eric Tepper Byrne | Robert David Vogel | Matthew J. Weber |

---

## 55. Strojnik v. JMA Ventures LLC

April 08, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-01876   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Susan van Keulen   |   Plaintiff

| | |
|---|---|
| Plaintiff(s): | Peter Strojnik, Sr. |
| Defendant(s): | JMA Ventures LLC |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. |
| Defendant Attorney(s): | Janelle Jad Sahouria |

---

## 56. Strojnik v. Torrey Pines Club Corporation

April 08, 2019   |   CA U.S. Dist. Ct., South   |   3:19-CV-00650   |   Civil Rights, ADA-Other   |   Judge(s): Judge Cynthia Bashant   |   Plaintiff

---

| Plaintiff(s): | Peter Strojnik, Sr. | Evans Hotels, LLC | |
| Defendant(s): | Torrey Pines Club Corporation | Evans Hotels, LLC | Peter Strojnik, Sr. |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. | Nadia Parra Bermudez | Lindsey Nicole Casillas |
| Defendant Attorney(s): | Nadia Parra Bermudez | Lindsey Nicole Casillas | Peter Strojnik, Sr. |

---

## 57. Strojnik v. Ensemble Hotel Partners, LLC

April 05, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-01844   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Virginia K. DeMarchi   |   Plaintiff

| Plaintiff(s): | Peter Strojnik | Ensemble Hotel Partners, LLC | |
| Defendant(s): | Ensemble Hotel Partners, LLC | Peter Strojnik | |
| Plaintiff Attorney(s): | Peter Strojnik | Eric Tepper Byrne | Robert David Vogel |
| | Matthew J. Weber | | |
| Defendant Attorney(s): | Eric Tepper Byrne | Robert David Vogel | Matthew J. Weber |

---

## 58. Peter Strojnik v. Aung Solvang LLC

April 03, 2019   |   CA U.S. Dist. Ct., Cent.   |   2:19-CV-02533   |   Civil Rights, ADA-Other   |   Judge(s): Judge Fernando M. Olguin   |   Plaintiff

| Plaintiff(s): | Peter Strojnik, Sr |
| Defendant(s): | Aung Solvang LLC |
| Plaintiff Attorney(s): | Peter Strojnik, Sr |

---

## 59. Peter Strojnik Sr v. Pasadena Robles Acquisition, LLC

March 20, 2019   |   CA U.S. Dist. Ct., Cent.   |   2:19-CV-02067   |   Civil Rights, ADA-Other   |   Judge(s): Judge Andre Birotte, Jr   |   Plaintiff

| Plaintiff(s): | Peter Strojnik, Sr | |
| Defendant(s): | Pasadena Robles Acquisition, LLC | |
| Plaintiff Attorney(s): | Peter Strojnik, Sr | |
| Defendant Attorney(s): | Kendall Carolyn Fisher | Shalend Shane Singh |

### 60. Peter Strojnik v. Urban Commons Cordova, LLC

March 20, 2019 | CA U.S. Dist. Ct., Cent. | 2:19-CV-02078 | Civil Rights, ADA-Other | Judge(s): Judge
Percy Anderson | Plaintiff

Plaintiff(s):    Peter Strojnik, Sr

Defendant(s): Urban Commons Cordova, LLC

Plaintiff
Attorney(s):    Peter Strojnik, Sr

Defendant
Attorney(s):    Kate Sagers        Martin H Orlick

### 61. Peter Strojnik v. Dole Food Company, Inc.

February 15, 2019 | CA U.S. Dist. Ct., Cent. | 2:19-CV-01174 | Civil Rights, ADA-Other | Judge(s): Judge
John A. Kronstadt | Plaintiff

Plaintiff(s):    Peter Strojnik, Sr

Defendant(s): Dole Food Company, Inc.      Westlake Wellbeing Properties,
LLC

Plaintiff
Attorney(s):    Peter Strojnik, Sr

Defendant
Attorney(s):    Amber L Roller       Jan Nicholas Marfori       David H Raizman

### 62. Peter Strojnik, Sr. v. Burton Way Hotels LLC

February 15, 2019 | CA U.S. Dist. Ct., Cent. | 2:19-CV-01199 | Civil Rights, ADA-Other | Judge(s): Judge
George H. Wu | Plaintiff

Plaintiff(s):    Peter Strojnik, Sr

Defendant(s): Burton Way Hotels LLC

Plaintiff
Attorney(s):    Peter Strojnik, Sr

### 63. Peter Strojnik Sr. v. Hyatt Hotels Corp.

February 14, 2019 | CA U.S. Dist. Ct., Cent. | 2:19-CV-01148 | Civil Rights, ADA-Other | Judge(s): Judge
Percy Anderson | Plaintiff

Plaintiff(s):    Peter Strojnik, Sr

Defendant(s): Hyatt Hotels Corp.

Plaintiff
Attorney(s):    Peter Strojnik, Sr

WESTLAW    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

### 64. Peter Strojnik, Sr. v. Georgian Hotel, Inc.

February 14, 2019   |   CA U.S. Dist. Ct., Cent.   |   2:19-CV-01146   |   Civil Rights, ADA-Other   |   Judge(s): Judge George H. Wu   |   Plaintiff

| | |
|---|---|
| Plaintiff(s): | Peter Strojnik, Sr |
| Defendant(s): | Georgian Hotel, Inc. |
| Plaintiff Attorney(s): | Peter Strojnik, Sr |
| Defendant Attorney(s): | Kelley Marie Blasa Fox |

### 65. Strojnik v. Pendry San Diego, LLC

February 12, 2019   |   CA U.S. Dist. Ct., South   |   3:19-CV-00305   |   Civil Rights, ADA-Other   |   Judge(s): Judge Larry Alan Burns   |   Plaintiff

| | |
|---|---|
| Plaintiff(s): | Peter Strojnik, Sr. |
| Defendant(s): | Pendry San Diego, LLC |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. |
| Defendant Attorney(s): | Denise M. Visconti |

### 66. Strojnik v. ML San Jose Holding LLC

February 11, 2019   |   CA U.S. Dist. Ct., North   |   5:19-CV-00737   |   Civil Rights, ADA-Other   |   Judge(s): Judge Nathanael M. Cousins   |   Both

| | |
|---|---|
| Plaintiff(s): | Peter Strojnik, Sr. |
| Defendant(s): | ML San Jose Holding LLC |
| Plaintiff Attorney(s): | Peter Strojnik, Sr. |
| Defendant Attorney(s): | Alexandra M. Louderback |

### 67. Peter Strojnik Sr. v. Singpoli Group, LLC

January 03, 2019   |   CA U.S. Dist. Ct., Cent.   |   2:19-CV-00066   |   Civil Rights, ADA-Other   |   Judge(s): Judge Josephine L. Staton   |   Plaintiff

| | |
|---|---|
| Plaintiff(s): | Peter Strojnik, Sr |
| Defendant(s): | Singpoli Group, LLC |
| Plaintiff Attorney(s): | Peter Strojnik, Sr |
| Defendant Attorney(s): | Philip Y Kim |

 © 2019 Thomson Reuters. No claim to original U.S. Government Works.

### 68. Strojnik v. Benchmarck Conference Resorts of California, LLC

December 24, 2018   |   CA U.S. Dist. Ct., North   |   5:18-CV-07704   |   Civil Rights, ADA-Other   |   Judge(s): Magistrate Judge Virginia K. DeMarchi   |   Plaintiff

Plaintiff(s):      Peter Strojnik

Defendant(s):  Benchmarck Conference Resorts of California, LLC

Plaintiff Attorney(s):      Peter Strojnik

Defendant Attorney(s):      Matthew Scott Disbrow

### 69. Peter Strojnik Sr. v. Best Western Hotels and Resorts

December 18, 2018   |   CA U.S. Dist. Ct., Cent.   |   2:18-CV-10493   |   Civil Rights, ADA-Other   |   Judge(s): Judge Dolly M. Gee   |   Plaintiff

Plaintiff(s):      Peter Strojnik, Sr

Defendant(s):  Best Western Hotels and Resorts          1817 Sepulveda LLC

Plaintiff Attorney(s):      Peter Strojnik, Sr

### 70. Peter Strojnik Sr. v. Second Street Corporation

December 18, 2018   |   CA U.S. Dist. Ct., Cent.   |   2:18-CV-10495   |   Civil Rights, ADA-Other   |   Judge(s): Judge John F. Walter   |   Plaintiff

Plaintiff(s):      Peter Strojnik, Sr

Defendant(s):  Second Street Corporation

Plaintiff Attorney(s):      Peter Strojnik, Sr

### 71. Peter Strojnik Sr. v. Zislis Boutique Hotels, LLC

December 18, 2018   |   CA U.S. Dist. Ct., Cent.   |   2:18-CV-10494   |   Civil Rights, ADA-Other   |   Judge(s): Judge Philip S. Gutierrez   |   Plaintiff

Plaintiff(s):      Peter Strojnik, Sr

Defendant(s):  Zislis Boutique Hotels, LLC

Plaintiff Attorney(s):      Peter Strojnik, Sr

### 72. Peter Strojnik v. Marriott International, Inc.

December 10, 2018   |   CA U.S. Dist. Ct., Cent.   |   2:18-CV-10237   |   Civil Rights, ADA-Other   |   Judge(s): Judge Michael W. Fitzgerald   |   Plaintiff

Case 2:19-cv-02991-ODW-JEM    Document 18    Filed 10/01/19    Page 26 of 41    Page ID
#:199
List of 109 results for advanced: PTN("peter strojnik") & DA(aft 01-01-2018)

Plaintiff(s):   Peter Strojnik, Sr

Defendant(s): Marriott International, Inc.

Other(s):   Robert A Parris

Plaintiff
Attorney(s):   Peter Strojnik, Sr

Defendant
Attorney(s):   Matthew Scott Disbrow

---

## 73. Peter Strojnik v. Inn on the Beach LLC
November 28, 2018   |   CA Ventura Super. Ct.   |   2018-00520816   |   Civil Rights

Plaintiff(s):   Peter Strojnik

Defendant(s): Inn on the Beach LLC

---

## 74. Strojnik v. Ravensbrook Inn Yosemite
November 09, 2018   |   CA U.S. Dist. Ct., East   |   1:18-CV-01621   |   Civil Rights, ADA-Other   |   Judge(s):
Magistrate Judge Barbara A. McAuliffe   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Ravensbrook Inn Yosemite

Plaintiff
Attorney(s):   Peter Strojnik, Sr.

Defendant
Attorney(s):   Cris C. Vaughan          Khushpreet Mehton

---

## 75. Strojnik v. 574 Escuela, LLC
November 08, 2018   |   CA U.S. Dist. Ct., North   |   3:18-CV-06777   |   Civil Rights, ADA-Other   |   Judge(s):
Judge James Donato   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): 574 Escuela, LLC

Plaintiff
Attorney(s):   Peter Strojnik, Sr.

Defendant
Attorney(s):   Philip Harris Stillman

---

## 76. Strojnik v. Griffin et al
November 08, 2018   |   CA U.S. Dist. Ct., East   |   1:18-CV-01619   |   Civil Rights, Other Federal Civil Rights
|   Judge(s): Chief Judge Lawrence J. O'Neill   |   Plaintiff

Plaintiff(s):   Peter Strojnik, Sr.

Defendant(s): Anita Griffin          Greg Griffin

---

Case 2:19-cv-02991-ODW-JEM    Document 18    Filed 10/01/19    Page 27 of 41    Page ID
#:200
List of 109 results for advanced: PTN("peter strojnik") & DA(aft 10-01-2018)

|   | Plaintiff Attorney(s): | Peter Strojnik, Sr. | |
|---|---|---|---|
|   | Defendant Attorney(s): | Anita Griffin | Greg Griffin |

## 77. Strojnik v. The Victus Group, Inc.

November 08, 2018 | CA U.S. Dist. Ct., East | 1:18-CV-01620 | Civil Rights, Other Federal Civil Rights | Judge(s): District Judge Anthony W. Ishii | Plaintiff

Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s):  The Victus Group, Inc.

Plaintiff Attorney(s):  Peter Strojnik, Sr.

## 78. Strojnik v. 574 Escuela, LLC

November 02, 2018 | CA U.S. Dist. Ct., East | 1:18-CV-01520 | Civil Rights, ADA-Other | Judge(s): Chief Judge Lawrence J. O'Neill | Plaintiff

Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s):  574 Escuela, LLC

Plaintiff Attorney(s):  Peter Strojnik, Sr.

## 79. Strojnik v. Evergreen Destination Holdings, LLC

November 02, 2018 | CA U.S. Dist. Ct., East | 1:18-CV-01522 | Civil Rights, ADA-Other | Judge(s): Chief Judge Lawrence J. O'Neill | None

Plaintiff(s):  Peter Strojnik, Sr.

Defendant(s):  Evergreen Destination Holdings, LLC

Plaintiff Attorney(s):  Peter Strojnik, Sr.

Defendant Attorney(s):  Janelle Jad Sahouria

## 80. Strojnik v. Joie de Vivre Hospitality LLC

October 29, 2018 | CA U.S. Dist. Ct., North | 3:18-CV-06587 | Civil Rights, ADA-Other | Judge(s): Magistrate Judge Jacqueline Scott Corley | Both

Plaintiff(s):  Peter Strojnik

Defendant(s):  Joie de Vivre Hospitality LLC

Plaintiff Attorney(s):  Peter Kristofer Strojnik

Case 2:19-cv-02991-ODW-JEM    Document 18    Filed 10/01/19    Page 28 of 41    Page ID
#:201
List of 109 results for advanced: PTN("peter strojnik") & DA(aft-01-01-2018)

|  |  |  |  |
|---|---|---|---|
| Defendant<br>Attorney(s): | Mark S. Posard | Alexandra M. Louderback |  |

## 81. Strojnik v. Marriott International Inc

October 29, 2018   |   CA U.S. Dist. Ct., North   |   3:18-CV-06586   |   Civil Rights, ADA-Other   |   Judge(s):
Magistrate Judge Elizabeth D. Laporte   |   Plaintiff

Plaintiff(s):   Peter Strojnik

Defendant(s):   Marriott International, Inc.

Plaintiff
Attorney(s):   Peter Strojnik

## 82. Strojnik v. Suman And Nutan Bhakta DBA Caprice Motel

October 23, 2018   |   CA Kern Super Ct.   |   BCV-18-102672   |   Civil Rights   |   Judge(s): Thomas S. Clark

Plaintiff(s):   Peter Strojnik

Defendant(s): Suman Bhakta                    Nutan Bhakta

Attorney(s):   Peter Strojnik                    Suman Bhakta                    Nutan Bhakta

## 83. Strojnik v. Hotel Azura, LLC

October 18, 2018   |   CA Sonoma Super. Ct.   |   SCV-263384   |   Civil Rights   |   Judge(s): Patrick Broderick

Plaintiff(s):   Peter Strojnik

Defendant(s): Hotel Azura, LLC

Attorney(s):   Peter Strojnik                    Michael Timothy Heath

## 84. STROJNIK V. PIPELINE VENTURES INC [IMAGED]

October 15, 2018   |   CA SAN DIEGO SUPER. CT.   |   37-2018-00052164-CU-CR-NC   |   CIVIL RIGHTS

Party(s):   PETER STROJNIK                    PIPELINE VENTURES, INC

## 85. STROJNIK V. SIRY INVESTMENTS LP [IMAGED]

October 12, 2018   |   CA SAN DIEGO SUPER. CT.   |   37-2018-00051960-CU-CR-CTL   |   CIVIL RIGHTS

Party(s):   PETER STROJNIK                    PORTO VISTA HOTEL                    SIRY INVESTMENTS LP

## 86. STROJNIK V. MERRITT HOSPITALITY LLC [IMAGED]

October 11, 2018   |   CA SAN DIEGO SUPER. CT.   |   37-2018-00051611-CU-CR-CTL   |   CIVIL RIGHTS

Party(s):   PETER STROJNIK                    HOTEL REPUBLIC                    MERRITT HOSPITALITY LLC

## 87. STROJNIK V. THE KEATING HOTEL GROUP LLC [IMAGED]
October 10, 2018   |   CA SAN DIEGO SUPER. CT.   |   37-2018-00051438-CU-CR-CTL   |   CIVIL RIGHTS

Party(s):   PETER STROJNIK            THE KEATING HOTEL          THE KEATING HOTEL GROUP
                                                                                                                                LLC

## 88. STROJNIK V. EAT DRINK AND SLEEP INC [IMAGED]
October 09, 2018   |   CA SAN DIEGO SUPER. CT.   |   37-2018-00050712-CU-CR-CTL   |   CIVIL RIGHTS

Party(s):   PETER STROJNIK            EAT DRINK AND SLEEP INC    TOWER 23

## 89. STROJNIK V. PACIFICA HOTELS LLC [IMAGED]
October 09, 2018   |   CA SAN DIEGO SUPER. CT.   |   37-2018-00051249-CU-CR-CTL   |   CIVIL RIGHTS

Party(s):   PETER STROJNIK            PACIFICA HOTELS LLC

## 90. Strojnik v. Padre Hotel L.P.
October 05, 2018   |   CA Kern Super Ct.   |   BCV-18-102561   |   Civil Rights   |   Judge(s): Thomas S. Clark

Plaintiff(s):   Peter Strojnik

Defendant(s): Padre Hotel L.P.

Attorney(s):   Peter Strojnik

## 91. Peter Strojnik v. Paul B & Marble I Shults 1992 Trust
October 02, 2018   |   CA Santa Barbara Super. Ct.   |   18CV04869   |   Civil Rights   |   Judge(s): Colleen K Sterne

Plaintiff(s):   Peter Strojnik

Defendant(s): Paul B & Marble I Shults 1992
                    Trust

Attorney(s):   Peter Strojnik

## 92. Peter Strojnik v. BMN Hospitality Group
September 10, 2018   |   CA Ventura Super. Ct.   |   2018-00517462   |   Civil Rights

Plaintiff(s):   Peter Strojnik            Peter Strojnik

Defendant(s): BMN Hospitality Group

Attorney(s):   Patricia R Cymerman

## 93. Peter Strojnik v. Cliff House Inn LLC
September 10, 2018   |   CA Ventura Super. Ct.   |   2018-00517464   |   Civil Rights

Plaintiff(s):    Peter Strojnik

Defendant(s): Cliff House Inn LLC

---

## 94. PETER STROJNIK V. KINTETSU ENTERPRISES COMPANY OF AMERICA

September 07, 2018  |  CA LOS ANGELES SUPER. CT.  |  YC073135  |  CIVIL RIGHTS, DISCRIMINATION
|  Judge(s): DEIRDRE HILL

Party(s):    STROJNIK PETER          KINTETSU ENTERPRISES          MIYAKO HYBRID HOTEL
                                     COMPANY OF AMERICA            TORRANCE

Attorney(s):  ROBERT WILLIAM CONTI

---

## 95. Peter Strojnik v. Hersha Hospitality Management LP

August 27, 2018  |  CA Santa Barbara Super. Ct.  |  18CV04240  |  Civil  |  Judge(s): Thomas P Anderle

Plaintiff(s):    Peter Strojnik

Defendant(s): Hersha Hospitality
                Management LP

Attorney(s):  Peter Strojnik          Hilda Aguilar

---

## 96. PETER STROJNIK V. LANGHAM HOTELS PACIFIC CORPORATION

July 30, 2018  |  CA LOS ANGELES SUPER. CT.  |  EC069072  |  CIVIL RIGHTS, DISCRIMINATION
|  Judge(s): RALPH C. HOFER

Party(s):    STROJNIK PETER          STROJNIK PETER          LANGHAM HOTELS PACIFIC
                                                             CORPORATION

             LANGHAM HOTELS PACIFIC
             CORPORATION

---

## 97. PETER STROJNIK V. THE EDWARD THOMAS HOSPITALITY CORPORATION

July 27, 2018  |  CA LOS ANGELES SUPER. CT.  |  SC129601  |  CIVIL RIGHTS, DISCRIMINATION
|  Judge(s): CRAIG D. KARLAN

Party(s):    STRONJNIK PETER          STRONJNIK PETER          THE EDWARD THOMAS
                                                              HOSPITALITY CORPORATION

             THE EDWARD THOMAS
             HOSPITALITY CORPORATION

Attorney(s):  PETER STROJNIK

---

## 98. STROJNIK V. SADDLEBACK

July 25, 2018  |  CA SAN BERNARDINO SUPER. CT  |  CIVDS1819135  |  CIVIL RIGHTS, DISCRIMINATION

Party(s):    PETER STROJNIK          SADDLEBACK INN, INC.

Attorney(s):  PETER STROJNIK          SADDLEBACK INN, INC.

---

## 99. STRONJNIK V. HISTORIC MISSION INN

July 24, 2018 | CA RIVERSIDE SUPER. CT. | RIC1815140 | CIVIL RIGHTS

Party(s): PETER STROJNIK      HISTORIC MISSION INN
                                            CORPORATION

Attorney(s): PETER STROJNIK

## 100. PETER STROJNIK V. LAGUNA BEACH LODGE, LLC

July 20, 2018 | CA ORANGE SUPER. CT. | 30-2018-01006888-CU-CR-CJC | CIVIL RIGHTS

Party(s): PETER STROJNIK      LAGUNA BEACH LODGE, LLC

## 101. PETER STROJNIK V. ALISO CREEK PROPERTIES, LLC

July 18, 2018 | CA ORANGE SUPER. CT. | 30-2018-01006511-CU-CR-CJC | CIVIL RIGHTS

Party(s): PETER STROJNIK      LAGUNA BEACH GOLF &      ALISO CREEK PROPERTIES,
                                          BUNGALOW VILLAGE      LLC

                    OHANA REAL ESTATE
                    INVESTORS

## 102. STROJNIK V. LA SALLE HOTEL PROPERTIES [IMAGED]

July 12, 2018 | CA SAN DIEGO SUPER. CT. | 37-2018-00034632-CU-CR-CTL | CIVIL RIGHTS

Party(s): PETER STROJNIK      L' AUBERGE DEL MAR      LA SALLE HOTEL
                                                    PROPERTIES

## 103. STROJNIK V. RANCHO VALENCIARESORT PARTNERS LLC [IMAGED]

July 11, 2018 | CA SAN DIEGO SUPER. CT. | 37-2018-00034235-CU-CR-NC | CIVIL RIGHTS

Party(s): PETER STROJNIK      RANCHO VALENCIA RESORT
                                          PARTNERS, LLC

## 104. STROJNIK V. CARTER ESTATE WINERY

July 05, 2018 | CA RIVERSIDE SUPER. CT. | MCC1800736 | CIVIL RIGHTS

Party(s): PETER STROJNIK      CARTER ESTATE WINERY
                                          AND RESORT LLC

Attorney(s): PETER STROJNIK      CARTER ESTATE WINERY
                                          AND RESORT LLC

## 105. STROJNIK V. COLONY PALMS HOTEL LLC

July 05, 2018 | CA RIVERSIDE SUPER. CT. | PSC1803913 | CIVIL RIGHTS

| Party(s): | PETER STROJNIK | COLONY PALMS HOTELLLC |
|---|---|---|
| Attorney(s): | PETER STROJNIK | COLONY PALMS HOTELLLC |

## 106. STROJNIK V. STEVE HERMANN HOTELS LLC

June 25, 2018   |   CA RIVERSIDE SUPER. CT.   |   PSC1803715   |   CIVIL RIGHTS

| Party(s): | PETER STROJNIK | STEVE HERMANN HOTELS LLC |
|---|---|---|
| Attorney(s): | PETER STROJNIK | |

## 107. STROJNIK V. PARKER PALM SPRINGS

June 22, 2018   |   CA RIVERSIDE SUPER. CT.   |   PSC1803681   |   CIVIL RIGHTS

| Party(s): | PETER STROJNIK | PARKER PALM SPRINGS II LLC |
|---|---|---|
| Attorney(s): | PETER STROJNIK | PARKER PALM SPRINGS II LLC |

## 108. STROJNIK V. SOUTH COAST WINERY

May 25, 2018   |   CA RIVERSIDE SUPER. CT.   |   MCC1800568   |   CIVIL RIGHTS

| Party(s): | PETER STROJNIK | SOUTH COAST WINERYINC |
|---|---|---|
| Attorney(s): | PETER STROJNIK | SOUTH COAST WINERYINC |

## 109. STROJNIK V. WELK RESORT

April 09, 2018   |   CA RIVERSIDE SUPER. CT.   |   PSC1801993   |   CIVIL RIGHTS

| Party(s): | PETER STROJNIK | WELK RESORT VACATION RENTALS INC |
|---|---|---|
| Attorney(s): | PETER STROJNIK | WELK RESORT VACATION RENTALS INC |

**Exhibit 2**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **IN CHAMBERS — COURT ORDER**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and state law claims for damages pursuant to California's Unruh Act, California's Disabled Persons Act, and negligence. Because the Court possesses only supplemental jurisdiction over the state law claims, and in light of California's statutory efforts to curtail such claims, the Court ordered plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the state law claims asserted in the Complaint. See 28 U.S.C. §§ 1367(c)(2) & (c)(4). The Court has reviewed the Response to the Court's Order to Show Cause filed by plaintiff, who characterizes himself as a "former lawyer," and is representing himself in this action.

## I.    ADA and Unruh Act Claims

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Unruh Act provides: "All persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the ADA constitutes a violation of § 51 of the Unruh Act. Cal. Civ. Code § 51(f). Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007). Here,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

although the Court's Order to Show Cause ordered plaintiff to identify the amount of statutory damages he seeks, and warns plaintiff that "failure to . . . adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction," plaintiff's Response to the Court's Order to Show Cause does not identify the amount of statutory damages he seeks.

## II.    California's Limitations on the Filing of Construction-Related Accessibility Claims

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." Velez v. Il Fornaio (America) Corp., CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018).  These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).  California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred.  See Cal. Civ. Proc. Code § 425.50(a).  California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims.  See Cal. Civ. Proc. Code § 425.50(b)(1).  A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike.  Id.

When California continued to experience large numbers of these actions, California imposed additional limitations on "high-frequency litigants."  These additional restrictions became effective on October 15, 2015.  Under California law, a "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleged a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1).  The definition of high-frequency litigant also extends to attorneys.  See Cal. Civ. Proc. Code § 425.55(b)(2).  In support of its imposition of additional requirements on high-frequency litigants, the California Legislature found and declared:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

> According to information from the California Commission on
> Disability Access, more than one-half, or 54 percent, of all
> construction-related accessibility complaints filed between 2012 and
> 2014 were filed by two law firms. Forty-six percent of all
> complaints were filed by a total of 14 parties. Therefore, a very
> small number of plaintiffs have filed a disproportionately large
> number of the construction-related accessibility claims in the state,
> from 70 to 300 lawsuits each year. Moreover, these lawsuits are
> frequently filed against small businesses on the basis of boilerplate
> complaints, apparently seeking quick cash settlements rather than
> correction of the accessibility violation. This practice unfairly taints
> the reputation of other innocent disabled consumers who are merely
> trying to go about their daily lives accessing public accommodations
> as they are entitled to have full and equal access under the state's
> Unruh Civil Rights Act (Section 51 of the Civil Code) and the
> federal Americans with Disability Act of 1990 (Public Law
> 101-336).

Cal. Civ. Proc. Code § 425.55(a)(2). In response to these "special and unique circumstances,"
Cal. Civ. Proc. Code § 425.55(3), California imposed a "high-frequency litigant fee" requiring
high-frequency litigants to pay a $1,000 filing fee at the time of the filing of the initial complaint
in addition to the standard filing fees. Cal. Gov't Code § 70616.5. California law also requires
complaints filed by high-frequency litigants to allege certain additional facts, including whether
the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-
related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the
high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's
business, and the reason why the high-frequency litigant plaintiff desired to access the
defendant's business. See Cal. Civ. Proc. Code § 425.50(a)(4)(A).

　　According to plaintiff's Response to the Court's Order to Show Cause, plaintiff denies
being a "high-frequency litigant" because his "Complaint is not based on 'actions arising from
alleged construction-related access violations' but on the disclosures pursuant to 28 CFR [§]
36.302(e)." Contrary to plaintiff's assertion, the Court concludes that he falls within the
definition of a high-frequency litigant. Specifically, his Complaint in this action, like the 21
other Complaints he has filed in this District beginning on December 10, 2018, seeks injunctive
relief requiring the defendant to remove architectural barriers that are readily achievable.
Plaintiff's Complaint therefore includes a "civil claim in a civil action with respect to a place of
public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

or 55, <u>based wholly or in part</u> on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1) (emphasis added).

## III. <u>Supplemental Jurisdiction</u>

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 172-73, 118 S. Ct. 523, 533, 139 L. Ed. 2d 525 (1997) (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988)); <u>see also</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago, 522 U.S. at 173, 118 S. Ct. at 534, 139 L. Ed. 2d 525. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Cohill, 484 U.S. at 350, 108 S. Ct. at 619, 98 L. Ed. 2d 720).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances." Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1558 (9th Cir. 1994). According to the Ninth Circuit, this "inquiry is not particularly burdensome." Id. When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying Gibbs values are best served by declining jurisdiction in the particular case (the compelling reasons)." Id.

## IV.     The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on Unruh Act claims alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when they combine an Unruh Act claim with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act and other state laws. By filing these actions in federal court, plaintiff has evaded these limits and sought a forum in which plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act and other state law claims in this action under 28 U.S.C. § 1367(c)(4).

Declining to exercise supplemental jurisdiction over plaintiff's state law claims in these circumstances supports the values of judicial economy, convenience, fairness, and comity:

> As a high-frequency litigant, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.

Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); see also Gibbs, 383 U.S. at 726, 86 S. Ct. at 1139, 16 L. Ed. 2d 218. Although some plaintiffs and their counsel have argued that they file in federal court not to evade California's restrictions, but because of the quality of the judges, the ease of the ECF system for filing, and the prevalence of federal ADA decisional authority, the Court finds that such arguments are unpersuasive and belied by the recent nature of the dramatic increase in the filing of such cases in federal court. Indeed, those reasons, if true at all, do not explain why nearly 9 times more construction-related accessibility actions are being filed in the Central District in 2019 than were filed in 2013. As one district court recently explained:

> In attempting to show that his decision to file in federal court is not simply an attempt to evade California's heightened pleading rules, Schutza insists the 'quality of judges [and] the quality of legal rulings' is higher in federal court. This argument, of course, flies in the face of our judicial system's equal respect for state and federal

Case 2:19-cv-02078-PA-SS Document 18 Filed 10/01/19 Page 40 of 41 Page ID
Case 2:19-cv-02078-PA-SS Document 14 Filed 08/20/19 Page 7 of 8 Page ID #:186
#:213

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

---

courts. The convenience of electronic filing and the widespread
availability of published opinions—other arguments Schutza
advances—may be creature comforts that make filing in federal
court more enticing, but they hardly outweigh the disservice that is
done to California's efforts to implement and interpret its own law
when federal courts exercise supplemental jurisdiction over these
claims. If Schutza were able to articulate a persuasive reason for his
decision to file in federal court, perhaps this would be a different
story. As it stands, though, the Court can discern no basis for the
state law claim being filed in federal court other than to prevent
California from being able to apply and enforce its own rules.

Schutza v. Alessio Leasing, Inc. (Alessio Leasing) CV 18-2154 LAB (AGS), 2019 WL 1546950,
at *3 (S.D. Cal. Apr. 8, 2019); see also Schutza, 262 F. Supp. 3d at 1031 ("It is unclear what
advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being
in federal court since his sole remedy under the ADA is injunctive relief, which is also available
under the Unruh Act."). "Federal courts may properly take measures to discourage forum-
shopping, and here, where Plaintiff has filed over one hundred disability discrimination cases,
and settled more than fifty of them in a two-year period, the Court finds this to be a compelling
reason to decline supplemental jurisdiction." Schutza, 262 F. Supp. 3d at 1031 (citing Hanna v.
Plumer, 380 U.S. 460, 467-68, 85 S. Ct. 1136, 1142, 14 L. Ed. 2d 8 (1965)).[1/]

The Court therefore concludes that "exceptional circumstances" and "compelling
reasons" support the Court's decision to decline to exercise supplemental jurisdiction over
plaintiff's Unruh Act and other state law claims under 28 U.S.C. § 1367(c)(4). The Court further
concludes that plaintiff's state law claims substantially predominate over the ADA claim for
purposes of 28 U.S.C. § 1367(c)(2). See id. at 1030 ("[Plaintiff's] nine allegations, if proven,
would entitle Plaintiff to a minimum monetary award of $36,000. In contrast, under the ADA,
Plaintiff would only be entitled to injunctive relief."); see also Reyes v. Flourshings Plus, Inc.,
CV 19-261 JM (EVG), 2019 WL 1958284, at *2 (S.D. Cal. May 2, 2019) ("The monetary
damages Plaintiff seeks under the Unruh Act, [Disabled Persons Act], and California common
law substantially predominate over his request for injunctive relief under the ADA."); id. at *3
("Plaintiff's prior litigation of lawsuits in this district further supports that he primarily seeks

---

[1/]     Plaintiff's Declaration states that 28 U.S.C. § 1367(c)(4) "does not appear to be the focus
of the Order to Show Cause and seeks leave to supplement should the Court consider that provision.
There is no reason for plaintiff to have artificially limited his response. Moreover, because plaintiff's
Response includes citation to authority analyzing § 1367(c)(4), the Court finds that no further briefing is
necessary.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-2078 PA (Ssx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Peter Strojnik, Sr. v. Urban Commons Cordova, LLC | | |

monetary rather than injunctive relief. Most often, [Plaintiff] settles and/or voluntarily dismisses his cases with prejudice before or shortly after an answer is filed.").

Exercising the Court's discretion to decline supplemental jurisdiction does not deprive plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed. The ADA claim remains pending in this Court. Whatever inefficiencies are created by the Court's decision to decline to exercise supplemental jurisdiction are problems created by plaintiff's filing of this action in federal court rather than in a state court:

> [T]here is no relief available to [plaintiff] in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.

Alessio Leasing, 2019 WL 1546950, at *4. The Court additionally notes that if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. Finally, by declining to exercise supplemental jurisdiction, the Court is merely restoring the balance Congress struck when it enacted the ADA and provided a private right of action for injunctive relief and an award of attorneys' fees, but did not allow for the recovery of statutory damages.

### Conclusion

For all of the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's Unruh Act, Disabled Persons Act, and negligence claims. The Court therefore dismisses those claims without prejudice. See 28 U.S.C. §§ 1367(c)(2) & (c)(4).

IT IS SO ORDERED.