JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| PETER STROJNIK, SR., | Case № 2:19-CV-02991-ODW (JEMx) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| FOUR SISTERS INNS, INC., d/b/a CHANNEL ROAD INN, | **MOTION TO DISMISS [6]** |
| Defendant. | |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Four Sisters Inns, Inc., d/b/a Channel Road Inn ("Defendant') Motion to Dismiss ("Motion"). (Mot. to Dismiss ("Mot."), ECF No. 6.) Plaintiff opposes the Motion. (Opp'n to Mot. ("Opp'n"), ECF No. 9.) For the reasons that follow, the Court **GRANTS** Defendant's Motion.[1]

## II.     FACTUAL BACKGROUND

Peter Strojnik ("Plaintiff") is legally disabled due to a "right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, and a degenerative right knee." (Compl. ¶ 3, ECF No. 1.) Due to his

---

[1] Having considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

disability, "Plaintiff requires an [American with Disabilities Act ('ADA')] compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." (Compl. ¶ 14.)

Defendant owns or leases a hotel located at 95065 219 West Channell Road Santa Monica, California 90402 ("Hotel"). (Compl. ¶ 5.) Plaintiff alleges he intended to visit the Santa Monica area on an unspecified date, and reviewed third-party hotel booking websites and Defendant's first-party website to find lodging. (Compl. ¶¶ 15, 19.) Plaintiff alleges that the websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." (Compl. ¶¶ 17,19.) Plaintiff also alleges that the websites "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." (Compl. ¶¶ 18, 20.)

Plaintiff submits an Addendum that includes photographs from the websites, which Plaintiff alleges discloses architectural barriers at the Hotel. (Compl. ¶ 22 (citing Addendum A).) For each of the alleged barriers, Plaintiff states:

> **The manner in which the barriers denied Plaintiff full and equal use of access, and which deter Plaintiff from visiting the hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meet his accessibility needs.

(Compl., Addendum A at 11–33) (emphasis in original). Plaintiff alleges that "the ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel." (Compl. ¶ 24.) As a result, Plaintiff did not book a room at Defendant's hotel and booked a room elsewhere. (Compl. ¶ 25.) Plaintiff alleges he is deterred from visiting the Hotel because the Hotel is not ADA or State Law compliant, but intends to visit the Hotel at

a "specific time" after Defendant cures the alleged ADA violations. (Compl. ¶¶ 11, 12.)

Plaintiff brings this action against Defendant asserting claims for violation of the ADA, the Unruh Civil Rights Act, the California Disabled Persons Act, and for negligence. (*See* Compl. ¶ 1.) Defendant moves to dismiss for lack of standing and failure to state a claim. (Mot. 1–2.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a defendant to seek dismissal of a complaint for lack of subject matter jurisdiction. A defendant may bring a Rule 12(b)(1) motion to dismiss based on a lack of standing. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under [Rule] 12(b)(1), not Rule 12(b)(6)."). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at 1242). A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack disputes the validity of allegations that, if true, would invoke federal jurisdiction. *Id.*

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the complaint must plead "factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### IV.    DISCUSSION

Defendant moves to dismiss Plaintiff's complaint for lack of standing and failure to state a claim. (Mot. 1–2.) "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

To satisfy standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return," or alternatively is deterred from returning to the premises. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944, 949–50 (9th Cir. 2011).

### A. Injury-In-Fact

An injury in fact must be concrete and particularized, and actual or imminent. *Friends of the Earth*, 528 U.S. at 180. A plaintiff "lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Chapman*, 631 F.3d at 953. An injury is particularized when it affects the plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.

Here, Plaintiff alleges that, due to his disability, he "requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted." (Compl. ¶ 14.) Despite alleging that the websites lack sufficient detail to allow Plaintiff to "assess independently whether Defendant's Hotel meets his accessibility needs" (Compl. ¶¶ 17, 19), Plaintiff concludes that the website photographs show ADA-violations (*see* Compl. ¶¶ 22, 24, Addendum A). Addendum A contains (as in other cases filed by Plaintiff[2]) a series of dark, grainy photographs with captions of purported barriers. These captions include: "[a]pparently inaccessible breakfast bar"; "[i]naccessible route with no apparent signage to accessible route"; "[i]naccessible spa tub"; and "[i]naccessible bathroom." (*See* Compl., Addendum A at 17–33.)

Plaintiff alleges broadly that "[t]he ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel." (Compl. ¶ 24.) However, Plaintiff does not state facts showing how the purported violations affect him or interfere with his mobility needs, and the captions in the Addendum are bare legal conclusions cast in the form of factual allegations. *See Pasadena Robles*, No. 2:19–cv–02067–AB–PJW, (Doc. No. 23 at 4 n.1) (finding photos captioned as ADA violations to be legal conclusions, not

---

[2] *See, e.g.*, *Strojnik v. Hotel Circle GL Holdings* ("*Hotel Circle*"), No. 1:19-cv-01194-DAD (EPGx), 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019); *Strojnik v. 1315 Orange LLC* ("*1315 Orange*"), No. 19-CV-1991-LAB (JLB), 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019); *Strojnik v. Pasadena Robles Acquisition, LLC* ("*Pasadena Robles*"), No. 2:19–cv–02067–AB–PJW, (Doc. No. 23 at 4 n.1) (C.D. Cal. Aug. 14, 2019).

factual allegations, and disregarding them accordingly). Thus, "the addendum does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel." *1315 Orange*, 2019 WL 5535766, at *2.

Plaintiff's legal conclusion that these alleged barriers "relate to [his] disability" does not explain *how* the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel. (*See* Compl. ¶ 24.) This is insufficient to satisfy the injury-in-fact requirement. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III"); *Chapman*, 631 F.3d at 953 ("An ADA plaintiff . . . lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability."). Therefore, Plaintiff has failed to sufficiently allege an injury that is concrete and particularized.[3]

## B. Intent to Return

A plaintiff establishes standing under the ADA by demonstrating an injury in fact coupled with an intent to return. *Chapman*, 631 F.3d at 944. An intent to return may satisfy the actual or imminent injury prong if the "plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)). A general intent to return to a public accommodation is "insufficient to confer standing in an action for injunctive relief." *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (citing *Lujan*, 504 U.S. at 564). Accordingly, a plaintiff "lacks standing if he is indifferent to returning . . . or if his alleged intent to return is not genuine." *Chapman*, 631 F.3d at 953.

---

[3] As Plaintiff fails to sufficiently allege an injury that is concrete and particularized, the Court does not reach the question of whether that alleged injury is also actual or imminent.

Courts generally look to four factors to determine whether a plaintiff has pleaded an intent to return: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Antonio v. Yi*, No. 2:14-CV-04323-SVW (ASx), 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015) (collecting cases).

Regarding the first factor, generally, if the plaintiff resides over one hundred miles away from the place of public accommodation, "the distance subverts a professed intent to return." *Id.* (citing *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1217 (S.D. Cal. 2007)). However, this factor is "less relevant when applied to hotels, because it is generally the purpose of hotels to provide a place to stay away from someone's residence." *See Strojnik v. Orangewood LLC* ("*Orangewood*"), 8:19-cv-00946-DFS-GJS, (Doc. No. 34 at 11) (C.D. Cal. Aug. 8, 2019). Accordingly, this factor is less relevant because the place of accommodation at issue is a hotel.

Plaintiff does not allege that he previously visited the Hotel, so the second factor does not support an intent to return. *See Antonio*, 2015 WL 13603781, at *2 ("There is no evidence that Plaintiff ever visited [the defendant's business], which suggests Plaintiff lacked the requisite intent to return."). As for the third factor, Plaintiff alleges he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG." (Compl. ¶ 12.) Plaintiff does not indicate when he planned to visit the Hotel for the trip at issue, let alone when he might plan to return, other than some "specific time" in the future. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding" of an intent to return. *Lujan*, 504 U.S. at 564 (discussing when an intent to return can demonstrate actual or imminent injury sufficient for standing).

Finally, Plaintiff alleges that "he intended to visit the Santa Monica area" and "spend the night there." (Compl. ¶¶ 15, 29.) He argues that, although he resides in Arizona, he "often and regularly" visits California. (Opp'n 3.) Yet he does not contend that any of his "regular" visits to California are to the Santa Monica area. Therefore, this factor does not support an intent to return to Defendant's Hotel.

Considering the factors above, Plaintiff has not alleged an intent to return and thus has not established standing.

## C. Deterrence

A plaintiff may alternatively establish an "injury-in-fact" by demonstrating deterrence from returning to the premises due to a defendant's failure to comply with the ADA. *Chapman*, 631 F.3d at 944; *Pickern*, 293 F.3d at 1138. To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access." *Pickern*, 293 F.3d at 1135. "[O]nce a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury." *Id.* at 1136–37. "But a plaintiff's claimed deterrence cannot be merely 'conjectural or hypothetical.'" *Pasadena Robles*, 2:19-cv-02067-AB (PJWx), (Doc. No. 23 at 7) (quoting *Vogel v. Salazar*, SACV 14-00853-CJC, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014)). "A plaintiff must allege facts to show that he would return if the establishment were ADA-compliant." *Id.*

Here, Plaintiff alleges that, based on his review of the websites, he could not assess independently whether Defendant's Hotel met his accessibility needs. (Compl. ¶¶ 17,19.) Plaintiff alleges that he was consequently deterred from visiting the Hotel based on his "knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability." (Compl. ¶ 11.) Plaintiff's independent conclusion that the Hotel is not ADA-compliant, based solely on his own review of website photographs, is merely conjectural and does not demonstrate *actual*

*knowledge* of illegal barriers. *See Vogel*, 2014 WL 5427531, at *2. Further, as discussed above, Plaintiff does not allege how any feature at the Hotel is non-compliant with the ADA or how it relates to his disability so as to deter him from staying at the Hotel. *See Chapman*, 631 F.3d at 955 (discussing that a plaintiff must identify how each of the alleged barriers "deter him from visiting . . . the [place of accommodation] due to his disability").

Further, Plaintiff's conclusory allegation that he "intends to visit Defendant's Hotel at a specific time when Defendant's noncompliant Hotel becomes fully compliant" is insufficient to establish standing. (Compl. ¶ 12.) "Plaintiff does not allege or provide any facts that he actually would return to the [Hotel] if it were ADA compliant." *Hotel Circle*, 2019 WL 6212084, at *5 (quoting *Vogel*, 2014 WL 5427531, at *2). Plaintiff has not alleged that he visits the Santa Monica area often or will go to the Santa Monica area again. "Plaintiff's conclusory statements that he is deterred from visiting [the Hotel] are insufficient to demonstrate that he would [stay at the Hotel] if it were accessible. As a result, he lacks standing to pursue his claims." *Id.* (quoting *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015)). Thus, any alleged deterrence is unsupported.

As the complaint fails to allege standing under the ADA, the Court finds that it lacks subject matter jurisdiction over Plaintiff's federal claim. Accordingly, the Court **DISMISSES** Plaintiff's first cause of action for lack of subject matter jurisdiction.

### D. Supplemental Jurisdiction

A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). As the Court has dismissed Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and they are **DISMISSED**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's complaint. (ECF No. 6). At the conclusion of Plaintiff's Opposition, Plaintiff requests leave to amend "to the extent that the allegations in the complaint inadvertently omit sufficient jurisdictional allegations." (Opp'n 10.) However, Plaintiff argues that the complaint already includes facts sufficient to establish subject matter jurisdiction, which the Court finds insufficient, and Plaintiff fails to suggest what more he would add in amendment. (*See* Opp'n 3, 8–9.) As such, the Court finds amendment would be futile, and the case is **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

December 9, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**